THE STATE OF MONTANA, ON THE RELATION OF GENE B. DALY, COUNTY ATTORNEY IN AND FOR THE COUNTY OF CASCADE, STATE OF MONTANA, ET AL., PLAINTIFF, *v.* MONTANA KENNEL CLUB AND THE CASCADE COUNTY KENNEL CLUB, MONTANA CORPORATIONS, DEFENDANTS.

MONTANA KENNEL CLUB AND CASCADE COUNTY KENNEL CLUB, MONTANA CORPORATIONS, THIRD-PARTY PLAINTIFFS AND APPELLANTS, *v.* GENE B. DALY, COUNTY ATTORNEY, IN AND FOR CASCADE COUNTY, ET AL., THIRD-PARTY DEFENDANTS AND RESPONDENTS.

No. 10764
Submitted September 14, 1964. Decided November 18, 1964.
396 P.2d 605.

378

Dzivi, Sorte & Conklin, Gerald R. Dzivi and M. James Sorte (argued), Great Falls, for appellants.

Gene B. Daly, County Atty., Ralph T. Randono, (argued), J. Fred Bourdeau (argued), Great Falls, for respondents.

MR. JUSTICE DOYLE, delivered the Opinion of the Court.

The facts leading to this litigation are that for many years there has been and still is a body politic known as the Cascade County Fair Board which is one of the third party defendants and respondents herein.

In the year 1959 there was incorporated the Montana Kennel Club and also the Cascade County Kennel Club, both formed for the purpose of conducting dog racing and other business incident thereto, who are cross-complainants and appellants herein.

In the years 1960, 1961 and 1962, the Montana Kennel Club and the Cascade County Kennel Club conducted pari-mutuel dog races at their separate racing tracks, each for a thirty-day period, under the provisions of the statute, section 94-2425, R.C.M.1947, which provides:

"It shall be unlawful to make or report or record or register any bet or wager upon the result of any contest of speed or skill or endurance of animal or beast, whether such contest is held within or without the state of Montana, except that it shall be lawful for any and all patrons, except minors, of a fair or racing association to contribute entrance fees toward the purse in races to be given by any fair or racing association and it shall be lawful except on Sundays for any fair or racing association to divide the purses among such patrons for a period of not more than thirty days in any one year in all counties having a population of forty thousand people, or more, according to the United States census last preceding such fair or race meeting and also lawful in. other counties for patrons, except minors, of a fair or racing association to contribute entrance fees toward the purse in races to be given by any fair or racing association and it shall be lawful except on Sundays for any fair or racing association to divide the purses among such patrons, for a period of not more than six days in any one year. The entrance fees may be recorded and such recording shall not be an unlawful wager."

In the calendar year of 1963, the Cascade County Kennel Club conducted a thirty-day pari-mutuel dog race meet at the Great Falls Dog Track and the Cascade County Fair Board conducted a six-day pari-mutuel horse race at the County Fair Grounds. Gene Daly, Esq., then and now county attorney of Cascade County obtained an injunction prohibiting the Montana Kennel Club from conducting any dog races during the year 1963. On July 22, 1963, the restraining order was dissolved but a second and similar restraining order on the same day was issued, and thereafter on July 25, 1963, the Montana Kennel Club and the Cascade Kennel Club made application to this court asking a stay of the restraining order pending an appeal, it being cause No. 10624 in this court. This court declined to grant the relief prayed for, on the grounds and

for the reason that there was no record of any kind to show that the district court was acting out of jurisdiction.

Subsequently the appellants filed their counter claim and cross claim for a declaratory judgment seeking to determine the proper construction of section 94-2425, R.C.M.1947, supra, and the cause was heard by the Honorable C. B. Sande as presiding judge on February 5, 1964.

On February 5, Judge Sande made the following decision:

"NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the statute, section 94-2425, Revised Codes of Montana, 1947, be, and it is hereby construed to limit the total period during which patrons of fair or racing associations may contribute entrance fees toward the purse in races and during which, said purses may be divided among said patrons to thirty (30) days in one year in any one county having a population of more than forty thousand people, regardless of the number of fair or racing associations conducting or seeking to conduct such races with such division of purses among patrons."

It is from the findings of fact, conclusions of law and decision of Judge Sande that appellants appealed and cite as specifications of error:

(1) The Court erred in failing to hold that R.C.M.1947, § 94-2425 is unambiguous and its plain and obvious meaning is that each Fair and Racing Association may conduct a thirty day pari-mutuel race meet during each year in a county with a population of 40,000 people or more.

(2) The Court erred in failing to hold that if the language of R.C.M.1947, § 94-2425 is ambiguous, it should be construed to authorize each Fair and Racing Association to conduct a thirty day pari-mutuel race meet during each year in a county with a population of 40,000 people or more, thereby giving effect to the legislative intent and avoiding an absurd result.

Appellants cite State ex rel. Palagi v. Regan, 113 Mont. 343, 349, 126 P.2d 818, 823, as a contention that the word

"any" as used in section 94-2425 means that any fair or racing association may conduct pari-mutuel races for 30 days during each year in all counties having a population of 40,000 or more.

■■■■ This court in State ex rel. Palagi v. Regan, at p. 350, 126 P.2d at p. 823, held:

"In construing a statute, its words and phrases must be given the plain and ordinary meaning (State v. Bowker, 63 Mont. 1, 205 P. 961), unless the context makes it apparent that a different meaning was intended (Montana Beer Retailer's Protective Ass'n v. State Board of Equalization, 95 Mont. 30, 25 P.2d 128; State ex rel. Durland v. Board of Com'rs of Yellowstone County, 104 Mont. 21, 64 P.2d 1060); and a supposed unexpressed intent in enacting the statute cannot override the clear import of the language employed. Equitable Life Assur. Society v. Hart, 55 Mont. 76, 173 P. 1062; State ex rel. Peck v. Anderson [92 Mont. 298, 13 P.2d 231], supra; Standard Oil Co. v. Idaho Community Oil Co., 95 Mont. 412, 27 P.2d 173.

"Courts must first resort to the ordinary rules of grammar (Jay v. School District, 24 Mont. 219, 61 P. 250; State ex rel. Peck v. Anderson, supra), in the absence of a clear contrary intention *disclosed by the text* must give effect to the legislative intent according to those rules (Melzner v. Northern Pac. Ry. Co., 46 Mont. 162, 127 P. 146; State v. Centennial Brewing Co., 55 Mont. 500, 179 P. 296; State ex rel. Peck v. Anderson, supra), and according to the natural and most obvious import of the language, without resorting to subtle and forced construction to limit or extend their operation (Osterholm v. Boston & Montana C. C. & S. Mining Co., 40 Mont. 508, 107 P. 499; Lewis v. Petroleum County, 92 Mont. 563, 17 P.2d 60, 86 A.L.R. 575; State ex rel. Durland v. Board of Com'rs of Yellowstone County, supra) and must first resort to the natural significance of the words employed *in the order of grammatical arrangement in which they are placed,*

and if, thus regarded, they embody a definite meaning involving no absurdity or contradiction, the courts may not add to or take away from their meaning. State ex rel. Hinz v. Moody, 71 Mont. 473, 230 P. 575.''

Bearing these principles in mind we note that section 94-2425, was considered in Volume 21, page 249, of the Attorney General's Official Opinions by the then Attorney General R. V. Bottomly, under date of July 30, 1946.

Attorney General Bottomly said in part:

''We now come to the question if the period of time specified in the statute may be divided between a fair association and a racing association. That is, may a fair association conduct races in a county of forty thousand population for a period of, say, six days, and a racing association conduct such races in the same county for twenty-four days, Sundays excepted; or, may one fair or racing association conduct such race for six days, and another and separate fair or racing association conduct such races for the balance of the thirty day period?

''As pointed out, the statute limits authority to conduct such races to fair and racing associations, and the total period of time such races may be conducted in the several counties. I am of the opinion the important fact in this statute is that races be not conducted for more than the time specified, and only by racing or fair associations. It would therefore seem it would make no difference whether one fair or one racing association used all the time specified, or if the time were divided.

''It is therefore my opinion, under our statute and the decision of our Supreme Court:

''1. It is lawful for all patrons, except minors, of a fair or racing association to contribute entrance fees toward a purse to be divided among such patrons in races to be given or conducted by a fair or racing association.

''2. Such races may be given or conducted by such fair or racing associations, and contributions to such purse made

and such purse divided among such patrons, except minors, in counties of a population of forty thousand or more for *a period of thirty days,* except Sundays, *in any one year,* and in counties of lesser population for a period of not more than six days, except Sundays. (Emphasis supplied.)

"3. One fair association, or one racing association may conduct such races for the periods specified, or the period may be divided between two or more racing associations, or two or more fair associations, or between such fair associations and such racing associations.

"4. Specifically, a fair association may conduct races in the county for a part of the period, and a racing association for the balance of such period. The periods designated as above may not be exceeded."

Such was the interpretation of the statute by the chief law enforcement officer of Montana, its Attorney General, but here both appellants, the Cascade Kennel Club and the Montana Kennel Club, contend that each of these corporations, by reason of section 94-2425, supra, are entitled to a dog racing period of thirty days each, Sundays not included.

It is our opinion that the Attorney General's interpretation was correct, and were it not so there would be nothing to preclude ten other racing kennels, actuated by possible venality, to claim and use for dog racing the remaining ten months of the year in Cascade County. We cannot believe that such a hypothetical situation and the present situation was ever the intent of our Legislature.

This court, so construes section 94-2425, supra, to mean with clarity, devoid of strained construction, that a county with a population of 40,000 or more may have pari-mutuel racing for a period of thirty days, except Sundays, in any one year, and any apportionment between any fair or racing association of such thirty day period should be under the supervision of the law enforcement officials of Cascade County, Montana. The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON and HUGH ADAIR, concur.

MR. JUSTICE CASTLES did not participate in this appeal.