GLORIA HARRIS DUNN, EXECUTRIX OF THE ESTATE OF JERRY LEWIS DUNN,
DECEASED, PLAINTIFF v. PACIFIC EMPLOYERS INSURANCE COMPANY;
LOSS CONTROL SERVICES, INC.; DAVID A. FRASER, Sc.D.; ENNIS,
LUMSDEN, BOYLSTON & ASSOCIATES, INC.; MacDERMID, INC.;
CIRCUIT SERVICES CORP.; MALLINCKRODT, INC., ENTHONE, INC.;
ASHLAND INTERNATIONAL CORP.; PHOTO CHEMICAL SYSTEMS; AND
CHEMTECH INDUSTRIES, INC., DEFENDANTS

No. 9010SC485

(Filed 5 February 1991)

**Death § 4 (NCI3d) — wrongful death action — statute of limitations
— interpretation of statute**

Although plaintiff contended that the governing statute
of limitations in a wrongful death action was two years from
the date of decedent's death as provided in the first sentence
of N.C.G.S. § 1-53(4), it is clear that the legislature intended
for both sentences of N.C.G.S. § 1-53(4) to be construed together
in determining the applicable period for instituting a wrongful
death action. Plaintiff and decedent were made aware of his
bodily harm, liver cancer, on 29 August 1985 and the undisputed
evidence in the record indicates that had he lived decedent's
claim would have accrued on 29 August 1985. Plaintiff did
not file this action until 23 June 1989 and the claim is thus
barred.

**Am Jur 2d, Death §§ 68, 69, 73.**

**Time from which statute of limitations begins to run against
cause of action for wrongful death. 97 ALR2d 1151.**

Judge WELLS concurring.

Judge ORR joins in this concurring opinion.

APPEAL by plaintiff from *Hight (Henry W.), Judge.* Orders
entered 14 October 1989 and 4 December 1989 in Superior Court,
WAKE County. Heard in the Court of Appeals 22 January 1991.

DUNN v. PACIFIC EMPLOYERS INS. CO.

[101 N.C. App. 508 (1991)]

This is a civil action wherein plaintiff seeks to recover from defendants damages for the wrongful death of her husband, Jerry Lewis Dunn, allegedly resulting from defendants' failure to "inspect, insure and safeguard" the deceased's place of employment from "undue hazards and risks."

The record discloses the following: Plaintiff's husband began working for the ITT Telecom Products Corporation subsidiary of International Telephone & Telegraph Corporation (hereinafter "ITT") at its manufacturing facility in Raleigh, North Carolina in 1982. While employed by ITT, plaintiff's husband was allegedly exposed to numerous hazardous and toxic chemicals.

Beginning in June 1985, plaintiff's husband began experiencing abdominal pain and vomiting every three to four days. He was hospitalized at Wake Memorial Hospital on 20 August 1985 and was preliminarily diagnosed as having cancer of the liver. On 23 August 1985, plaintiff's husband formally requested a medical leave of absence from his job at ITT indicating that he had been diagnosed as having a "liver mass" and estimating that he could return to work in October. On 29 August 1985, plaintiff's husband underwent an exploratory laparotomy at Duke University Medical Center which revealed extensive metastatic tumor masses in the abdominal cavity specifically involving the liver. Immediately following this procedure, doctors informed both plaintiff and her husband that a biopsy had confirmed that plaintiff's husband had primary hepatoma or liver cancer. On 2 October 1985, plaintiff's husband again requested a medical leave of absence from ITT citing "primary hepatoma" as his disease or injury and stating that the date he could return to work is "undetermined at this time."

Over the next several years, plaintiff's husband underwent vigorous chemotherapy, a bone marrow transplant and additional surgeries in an attempt to reduce the size of the tumor. He also requested four additional medical leaves from his job at ITT on 11 November 1985, 28 January 1986, 4 March 1986, and 29 July 1986 respectively indicating as his disease or injury "fibrolamellar liver cancer," or "hepatoma" and stating that the date of his first visit for this illness was August, 1985.

On 24 June 1987, plaintiff's husband died of "malignant fibrolamellar hepatoma" or liver cancer. Plaintiff instituted this action for wrongful death on 23 June 1989. On 3 August 1989, defendant Ennis, Lumsden, Boylston & Associates, Inc. filed a mo-

tion to dismiss plaintiff's claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure stating that "the complaint and summons, on its face, show that the statute of limitations expired prior to the filing of an action against this Defendant." On 14 October 1989, Judge Hight signed an order granting this motion and dismissing plaintiff's action with respect to defendant Ennis, Lumsden, Boylston & Associates, Inc. Plaintiff gave written notice of appeal to this order on 12 October 1989.

All other answering defendants in this action also filed motions to dismiss pursuant to Rule 12(b)(6) and/or motions for summary judgment pursuant to Rule 56. On 14 December 1989, these motions were consolidated for hearing before Judge Hight. Following the hearing, Judge Hight entered the following order:

1. Plaintiff's motion for continuance is denied;

2. Summary Judgment is granted in favor of Movants against Plaintiff;

3. This action is dismissed with prejudice as to Movants; and

4. Plaintiff's motion that the Court make Findings of Fact and Conclusions of Law is denied.

From this order, plaintiff gave written notice of appeal on 28 December 1989.

*David H. Rogers for plaintiff, appellant.*

*Poyner & Spruill, by Beth R. Fleischman, for defendant, appellee, Photo Chemical Systems, Inc.*

*Teague, Campbell, Dennis & Gorham, by George W. Dennis, III, for defendants, appellees, Pacific Employers Insurance Company, Loss Control Services, Inc., and Chemtech Industries, Inc.*

*David V. Brooks for defendant, appellee, David A. Fraser, Sc.D.*

*Merriman, Nicholls & Crampton, P.A., by W. Sidney Aldridge, for defendant, appellee, Ennis, Lumsden, Boylston & Associates, Inc.*

*Bailey & Dixon, by Carson Carmichael, III, for defendant, appellee, MacDermid, Inc.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Robert W. Sumner, for defendant, appellee, Circuit Services Corp.*

DUNN v. PACIFIC EMPLOYERS INS. CO.

[101 N.C. App. 508 (1991)]

*Manning, Fulton & Skinner, by Michael T. Medford, for defendant, appellee, Mallinckrodt, Inc.*

*Moore & Van Allen, by Elizabeth M. Powell, for defendant, appellee, Ashland Oil, Inc.*

*Haworth, Riggs, Kuhn & Haworth, by John Haworth, for defendant, appellee, Morton International, Inc. (Dynachem Division).*

*LeBoeuf, Lamb, Leiby & MacRae, by Margaret Madison Clarke, for defendant, appellee, OMI International Corp.*

HEDRICK, Chief Judge.

Plaintiff's first assignment of error brought forward and argued on appeal is set out in her brief as follows:

> The presiding judge at the hearings erred and abused his discretion in granting Defendants' various motions to dismiss Plaintiff's claims based upon the assertions that Plaintiff's Complaint failed to state a claim upon which relief could be based or was filed after the expiration of the applicable statute of limitations, on the grounds that said Complaint did state a proper claim upon which relief could be granted and was filed within the applicable statute of limitations.

G.S. 1-15(a) provides that "[c]ivil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued . . . ." The applicable statute of limitations for bringing an action for wrongful death is set out in G.S. 1-53 which provides:

Within two years—

(4) Actions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A-18-2; the cause of action shall not accrue until the date of death. Provided that, whenever the decedent would have been barred, had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) or 1-52(16), no action for his death may be brought.

Plaintiff argues that the governing statute of limitations in this matter is two years from the date of decedent's death as provided in the first sentence of G.S. 1-53(4) and that her complaint was timely filed within this period. Plaintiff further argues that the

second sentence of G.S. 1-53 barring a wrongful death action if it is not filed within the period in which decedent could have brought the action "had he lived" should not apply in this case. We disagree.

Parts of the same statute, dealing with the same subject are to be considered and interpreted as a whole and every part of the law shall be given effect if this can be done by any fair and reasonable intendment. *Fishing Pier v. Town of Carolina Beach*, 274 N.C. 362, 163 S.E.2d 363 (1968). It is clear, on the face of the statute, that the legislature intended for both sentences of G.S. 1-53(4) to be construed together in determining the applicable limitation period for instituting a wrongful death action. Therefore, it is incumbent on this Court, as it was on the trial court, to apply the statute in full to determine whether plaintiff's claim was timely filed.

In the present case, if decedent had lived and had brought an action to recover damages for personal injuries allegedly resulting from the negligence of these defendants, the applicable statute of limitations would have been three years from the date the ". . . bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant . . ." as provided in G.S. 1-52(16). The evidence presented shows that, at the latest, plaintiff and the decedent were made aware of his bodily harm, namely liver cancer, on 29 August 1985, following a laparotomy and biopsy at Duke Medical Center. The decedent, in fact, acknowledges this fact on the forms requesting medical leave from his employment. Therefore, the undisputed evidence in the record indicates that "had he lived" decedent's claim would have accrued on 29 August 1985 and would have been barred if not instituted before 29 August 1988. Plaintiff did not file this action until 23 June 1989. Plaintiff's claim is thus barred since G.S. 1-53(4) makes it clear that a claim for wrongful death is barred if not instituted within the time period in which decedent could have brought the action "had he lived."

We have reviewed plaintiff's remaining assignments of error and find them to be meritless. The orders of the trial judge entering summary judgment in favor of defendants and dismissing plaintiff's action will be affirmed.

Affirmed.

Judge WELLS concurring.

It seems anomalous to me that this plaintiff's right to sue for the wrongful death of her husband—a right which did not accrue until his death—must be cut off by a limitations clock which started running well before his death; but that appears to be the law. I believe this problem merits legislative reconsideration.

Judge ORR joins in this concurring opinion.