GLORIA HARRIS DUNN, EXECUTRIX OF THE ESTATE OF JERRY LEWIS DUNN, DECEASED v. PACIFIC EMPLOYERS INSURANCE COMPANY; LOSS CONTROL SERVICES, INC.; DAVID A. FRASER, Sc.D.; ENNIS, LUMSDEN, BOYLSTON & ASSOCIATES, INC.; MacDERMID, INC.; CIRCUIT SERVICES CORP.; MALLINCKRODT, INC.; ENTHONE, INC.; ASHLAND INTERNATIONAL CORP.; PHOTO CHEMICAL SYSTEMS; AND CHEMTECH INDUSTRIES, INC.

No. 139PA91

(Filed 17 July 1992)

## Death § 4 (NCI3d) — wrongful death — occupational disease — statute of limitations

A wrongful death action filed more than three years after diagnosis of a fatal occupational disease but within two years of decedent's death is not barred by the statute of limitations of N.C.G.S. § 1-53(4) where a bodily injury claim by the decedent would not have been time-barred under N.C.G.S. § 1-52(16) at the time of his death, since the proviso of § 1-53(4) merely provides a limitations defense to a wrongful death action when the claim for injuries caused by the underlying wrong had become time-barred during the decedent's life.

**Am Jur 2d, Death §§ 56-88, 423, 446.**

**Time from which statute of limitations begins to run against cause of action for wrongful death. 97 ALR2d 1151.**

Justice LAKE did not participate in the consideration or decision of this case.

DUNN v. PACIFIC EMPLOYERS INS. CO.

[332 N.C. 129 (1992)]

ON discretionary review of the decision of the Court of Appeals, 101 N.C. App. 508, 400 S.E.2d 63 (1991), affirming orders entered by *Hight, J.*, in the Superior Court, WAKE County, on 14 October 1989 and 6 December 1989. Heard in the Supreme Court 13 November 1991.

*David H. Rogers for plaintiff-appellant.*

*Merriman, Nicholls & Crampton, P.A., by W. Sidney Aldridge, for defendant-appellee, Ennis, Lumsden, Boylston & Associates, Inc.*

*LeBoeuf, Lamb, Leiby & MacRae, by George R. Ragsdale, for defendant-appellee, OMI International Corp.*

*Teague, Campbell, Dennis & Gorham, by Thomas M. Clare, for defendant-appellees, Pacific Employers Insurance Company, Loss Control Services, Inc., and Chemtech Industries, Inc.*

*Bailey & Dixon, by Carson Carmichael, III, for defendant-appellee, MacDermid, Inc.*

*Poyner & Spruill, by Beth R. Fleishman, for defendant-appellee, Photo Chemical Systems, Inc.*

*Moore & Van Allen, by Elizabeth M. Powell, for defendant-appellee, Ashland Oil, Inc.*

*Haworth, Riggs, Kuhn & Haworth, by John Haworth, for defendant-appellee, Dynachem Corp.*

*Brooks, Stevens & Pope, by David Victor Brooks, for defendant-appellee, David A. Fraser, Sc.D.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Robert W. Sumner, for defendant-appellee, Circuit Services Corp.*

*Manning, Fulton & Skinner, by Michael T. Medford, for defendant-appellee, Mallinckrodt, Inc.*

*Janet Ward Black and J. Wilson Parker for North Carolina Academy of Trial Lawyers; Thomas W. H. Alexander for North Carolina Association of Defense Attorneys, amici curiae.*

EXUM, Chief Justice.

This is a civil action grounded in negligence in which plaintiff seeks to recover damages for the wrongful death of her husband, Jerry Lewis Dunn. Plaintiff's husband was diagnosed as having

liver cancer in August of 1985 and died from that disease on 24 June 1987. Plaintiff filed this wrongful death action on 23 June 1989. The issue is whether a wrongful death action filed more than three years after diagnosis of the fatal disease but within two years of decedent's death is barred by the statute of limitations.

Plaintiff's husband worked for the ITT Telecom Products Corporation ("ITT"), a subsidiary of International Telephone & Telegraph Corporation, at its manufacturing facility in Raleigh. While employed by ITT, plaintiff's husband was allegedly exposed to numerous hazardous and toxic chemicals. He was hospitalized on 20 August 1985 and was seen by a doctor at Wake Medical Center who established a tentative diagnosis of hepatoma (liver cancer). Following an exploratory laparotomy on 29 August 1985, doctors informed plaintiff and her husband that a biopsy had confirmed the initial diagnosis. Despite undergoing various treatments over the next two years, decedent died of liver cancer on 24 June 1987.

On 23 June 1989, plaintiff filed this wrongful death action, alleging that defendants negligently supplied and installed various harmful substances at decedent's workplace. Defendants moved to dismiss the action on the ground it was filed more than three years after decedent's fatal illness was diagnosed and therefore time-barred by N.C.G.S. § 1-53(4). The trial court granted these motions. Plaintiff appealed.

A unanimous panel of the Court of Appeals agreed that plaintiff's claim was time-barred as to all defendants and affirmed the trial court's orders. We allowed plaintiff's petition for discretionary review, and we now reverse.

The applicable time periods for bringing an action for wrongful death are set out in N.C.G.S. § 1-53, which provides:

Within two years —

(4) Actions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A-18-2; the cause of action shall not accrue until the date of death. Provided that, whenever the decedent would have been barred, had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) or 1-52(16), no action for his death may be brought.

N.C.G.S. § 1-53(4) (1983).

DUNN v. PACIFIC EMPLOYERS INS. CO.

[332 N.C. 129 (1992)]

We focus on the statute's proviso added in 1979. 1979 Sess. Laws ch. 654, § 3. Under it, a wrongful death claim is time-barred if "the decedent would have been barred, had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) or 1-52(16)."[1] Section 1-52(16) of the North Carolina General Statutes requires that a personal injury action be brought within three years from the date "bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant, whichever event occurs first." In occupational disease cases, such as the instant case, a cause of action grounded in negligence accrues when the disease is diagnosed. *Wilder v. Amatex Corp.*, 314 N.C. 550, 560-61, 336 S.E.2d 66, 72 (1985). In dispute is on what date the decedent must have had a viable claim for personal injury, i.e., a claim not time-barred by N.C.G.S. § 1-52(16) — the date of his death or the date upon which his personal representative files the wrongful death action — in order for the wrongful death action itself to be timely filed.

Defendants contend the date when the wrongful death action is instituted is the critical date. They construe the statute to provide two conditions to the timely filing of a wrongful death action: (1) that it be filed within two years of decedent's death and (2) that on the filing date, decedent, had he lived, would not have been time-barred from bringing a personal injury claim based upon the same alleged wrong.

Defendants also contend that any other interpretation of N.C.G.S. § 1-53(4) would render the statute's proviso surplusage and would hence violate the presumption that the legislature intended each statutory provision to be given full effect. *Porsh Builders, Inc. v. City of Winston-Salem*, 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981). Defendants argue that the proviso imposes an additional time restriction that can serve to cut short the ordinary two-year limitation for wrongful death actions if the decedent's disease or injury was diagnosed more than a year before his death.

Plaintiff, however, contends the proviso in N.C.G.S. § 1-53(4) was intended to bar wrongful death actions when the decedent's claim for bodily injury caused by the same alleged wrongful conduct had become time-barred during decedent's life. Under this inter-

---

1. N.C.G.S. § 1-15(c) deals with professional malpractice claims and has no application to this case.

pretation, a wrongful death action may be maintained if: (1) it is instituted within two years of decedent's death and (2) on the date of his death the decedent's claim for bodily injury would not have been time-barred.

Although the Court of Appeals agreed with defendants' interpretation of the statute, Judge Wells, in a concurring opinion, noted that it was "anomalous . . . that this plaintiff's right to sue for the wrongful death of her husband — a right which did not accrue until his death — must be cut off by a limitations clock which started running well before his death . . . ." *Dunn v. Pacific Employers Ins. Co.*, 101 N.C. App. 508, 513, 400 S.E.2d 63, 66 (1991).

We agree with plaintiff's interpretation of the statute. Under it, the proviso is not surplusage as defendants contend. It has the effect claimed by plaintiff.

We are persuaded by a recent federal decision, *Thacker v. A.C. & S., Inc.*, No. 89-74 Civ. 7-F (E.D.N.C. 2 Nov. 1990), which addressed the issue now before us. In *Thacker*, a wrongful death claim was filed by the estate of a carpenter whose death was allegedly caused by exposure to asbestos-containing products. Decedent's illness became apparent in April 1986 and he died on 13 August 1987. The wrongful death action was filed on 10 August 1989. The court held that because decedent had a bodily injury claim which was not time-barred on the day he died, the wrongful death action, filed within two years of death but more than three years from discovery of the illness, was not time-barred. The court reasoned that the General Assembly did not intend the critical date to be that of the filing of the wrongful death action "because it would create a situation in which a personal representative could have little or no time within which to institute a wrongful death action." *Thacker*, slip op. at 5. In the case of an injured person who died two days before the expiration of the three-year statute of limitations, the court noted, "the personal representative would have only *two days* within which to institute an action for wrongful death. Most personal representatives have not even been appointed within two days of death." *Thacker*, slip op. at 5-6 (emphasis in original).

We agree with the decision and reasoning of the federal district court in *Thacker*. The claim for wrongful death is distinct and separate from the claim for bodily injury. The only relation between the two is that both the personal injury and resulting death were

allegedly caused by the same wrongful conduct. The three-year statute of limitations period for the bodily injury claim does not, however, trigger the running of, or cut short, the period for filing the wrongful death action when the underlying bodily injury claim of the decedent was not time-barred at his death. The proviso merely provides a limitations defense to a wrongful death action when the claim for injuries caused by the underlying wrong had become time-barred during the decedent's life.

Our interpretation of N.C.G.S. § 1-53(4) is further supported by the grammatical structure of the proviso. Ordinary rules of grammar apply when ascertaining the meaning of a statute, and the meaning must be construed according to the context and approved usage of the language. *Falk v. Frandsen,* 137 N.W.2d 228 (N.D. 1965); *State ex rel. Daly v. Montana Kennel Club,* 144 Mont. 377, 396 P.2d 605 (1964); *Doull v. Wohlschlager,* 141 Mont. 354, 377 P.2d 758 (1963); 82 C.J.S. *Statutes* § 340, at 682 (1953). The best indicia of legislative intent are the language of the act, the spirit of the act, and what the act seeks to accomplish. *Coastal Ready-Mix Concrete Co. v. Board of Comm'rs,* 299 N.C. 620, 265 S.E.2d 379 (1980), *reh'g denied,* 300 N.C. 562, 270 S.E.2d 106 (1980). The legislature's intent may be inferred from the language used.

The proviso states: "[W]henever the decedent would have been barred, had he lived, from bringing an action for bodily harm . . ., no action for his death may be brought." The verb, "would have been barred," is in the past subjunctive tense; it must, therefore, refer to a past event—an event, in other words, that occurred before decedent's death. Defendants' argument would be more persuasive if this verb were "would be barred," in which case it would more readily refer to some future event, i.e., an event to occur after decedent's death. *See generally* H.W. Fowler, *Modern English Usage* 595-98 (Sir Ernest Gowers ed., 2d ed. 1965).

In the instant case, decedent's liver cancer was diagnosed on 29 August 1985 following a laparotomy and biopsy at Duke Medical Center. Decedent's bodily injury claim, had he lived, would have accrued on 29 August 1985 and would have been time-barred three years later under N.C.G.S. § 1-52(16). Decedent died on 24 June 1987. On that date, his bodily injury claim would not have been time-barred. Thus, this wrongful death claim, having been filed within two years of decedent's death, is not time-barred by any of the provisions of N.C.G.S. § 1-53(4).

For the foregoing reasons, the Court of Appeals' decision affirming the orders of the trial court dismissing plaintiff's wrongful death claim as being time-barred is reversed and the matter is remanded to the Superior Court, Wake County, for further proceedings.

Reversed and remanded.

Justice LAKE did not participate in the consideration or decision of this case.