978 F.2d 1256
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hilda SHELTON, Individually and as Administratrix of the
Estate of Clavis O. Shelton, Plaintiff-Appellant,
v.
VELSICOL CHEMICAL CORPORATION; Southern Railway Company;
J.C. Ehrlich Chemical Company, Incorporated,
Defendants-Appellees,
and Ken CLINE; Allen Echternacht; Clyde Kennedy, Defendants.
 No. 92-1169.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 30, 1992
Decided: November 12, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CA-90-406-6)
 ARGUED: Bertram Ervin Brown, II, Moore & Brown, Winston-Salem, North Carolina, for Appellant.
 Frederick Kingsley Sharpless, Elrod & Lawing, P.A., Greensboro, North Carolina, for Appellees.
 ON BRIEF: David B. Puryear, Jr., Moore & Brown, Winston-Salem, North Carolina; Beverly C. Moore, Jr., Sandra B. Brantley, Moore & Brown, Washington, D.C., for Appellant.
 Lennox P. McLendon, Jr., James L. Conner, II, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, North Carolina; Stanley Pierce, Joseph J. Ortego, Rivkin, Radler & Kremer, Uniondale, New York; Stephen M. Russell, William K. Davis, Bell, Davis & Pitt, P.A., Winston-Salem, North Carolina, for Appellees.
 M.D.N.C.
 Affirmed.
 Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 The estate of Dr. Clavis O. Shelton, a dentist and tobacco farmer, and his wife seek to avoid the consequences of a general release that Dr. Shelton gave to the Southern Railroad Company in August 1981, about a year after herbicide, which had been sprayed on the railroad's right-of-way, drifted onto and damaged Dr. Shelton's tobacco crop. Several days after the herbicide ("2, 4-D") had been applied and after a rainfall, Dr. Shelton went into his tobacco field to weed and at that time first observed damage to his crop from the herbicide. Within ten days, he also observed "small pale-yellow cysts" on his body, which he later said he had assumed was poison-oak. After observing the crop damage Dr. Shelton retained a lawyer to represent him in a claim against the railroad and the herbicide applicators, and about a year later, on the advice of his attorney, he gave a release in consideration of $17,900, releasing the railroad and its herbicide applicators from all claims, demands, damages, actions, or causes of action on account of damage to property, bodily injuries or death, resulting, or to result, from an accident to my property which occurred on or about the 2nd day of July, 1980, by reason of a chemical spray in Stokes County....
 
 
 2
 It is understood and agreed that this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, suspected and unsuspected.
 
 
 3
 Years later, Dr. Shelton discovered he had kidney cancer, and he died from it in March 1990. No evidence was proffered by Dr. Shelton or his estate to show that his brief exposure to the "2, 4-D" herbicide almost ten years earlier was a cause of the cancer, and indeed evidence was proffered that Dr. Shelton had used other herbicides over the years. Dr. Shelton and his wife, however, contend that they should be given the opportunity to present evidence that the herbicide was a cause of Dr. Shelton's cancer and that therefore the release given by Dr. Shelton should be set aside because of a mutual mistake of the fact that Dr. Shelton may have received personal injuries from the herbicide.
 
 
 4
 In response to a personal injury action filed by Dr. Shelton and his wife in February 1990 against the railroad, the herbicide applicators, and the herbicide manufacturer, the defendants filed a motion for summary judgment based on the release given by Dr. Shelton in 1981. The Sheltons do not dispute the authenticity of the release or the applicability of its language to the injuries claimed in the suit. Rather, they contend that the release was the product of a mutual mistake of fact because neither Dr. Shelton nor the railroad, as they contend, appreciated the fact that Dr. Shelton was exposed to a carcinogen when he handled tobacco that had been sprayed with"2, 4-D." The district court granted summary judgment in favor of the defendants rejecting the mutual mistake of fact defense, ruling that there was no mistake of fact and in any event the parties bargained for a release of damages for "unknown" and "unsuspected" injury. The court also ruled that Mrs. Shelton's claim for loss of consortium falls with Dr. Shelton's claims because, under North Carolina law, one spouse cannot assert the claim without joinder of the other. See King v. Cape Fear Memorial Hospital, Inc., 385 S.E.2d 812 (N.C. App. 1989), rev. denied, 389 S.E.2d 114 (N.C. 1990).
 
 
 5
 We have reviewed the record de novo and find no error in the district court's rulings. Accordingly, for the reasons given by the district court, we affirm. See Shelton, et al. v. Velsicol Chemical Corp., et al., No. 6:90CV00406 (Orders dated Sept. 12 and Nov. 25, 1991 M.D.N.C.).
 
 AFFIRMED