No. 55.—SIDNEY HORSHAW, plaintiff in error, *vs.* THE LESSEE of WILLIAM COOK, defendant in error.

[1.] The mere absence of his Counsel, with the title papers of a defendant, is not a sufficient ground for a continuance.

Ejectment in Union Superior Court. Tried before Judge IRWIN, April Term, 1854.

Horshaw, the defendant below, moved a continuance in this case, on the ground that A. J. Hansell, Esq. was employed for the defence, and had in his possession the title papers for the lot of land in dispute, under which defendant held, showing title out of the lessors of the plaintiff; and that he had promised to attend the Court with the papers, without Providential hindrance; that he did not attend the Court regularly but frequently; and the cause of his absence was not known. W. H. Stansell, of Counsel for defendant, farther stated, in his place, that he conversed with General Hansell a short time previous to the Court, and that he had spoken of certainly attending the Court.

The Court over-ruled the motion, and this decision is assigned as error.

MILNER, for plaintiff in error.

J. W. H. UNDERWOOD, for defendant.

*By the Court.*—STARNES J. delivering the opinion.

This Court has decided, and upon sound principles, that the mere absence of Counsel is not a sufficient ground for the continuance of a cause. See *Allen vs. the State*, (11 *Ga. R.* 85) and the cases there cited. It has recognized the absence of the leading Counsel from Providential cause, as sufficient to authorize a continuance; but nothing short of this. It does not appear that General Hansell was even the leading Counsel

in this cause; and it is to be presumed he was not, or it would have been shown; nor does the cause of his absence appear.

The fact that he had defendant's title papers with him, cannot help the showing.    The law required the defendant to have these papers at Court, that he might be in readiness for trial. It was at his own risk, therefore, and manifested a want of proper diligence, when he permitted another, especially one who was not his leading Counsel, to keep them in his possession, and away from Court.

Let the judgment be affirmed.