M. B. NELSON, PLAINTIFF v. RUTHER F. COMER AND WIFE, LENA
ETHEL COMER, DEFENDANTS

— AND —

CHARLES L. WILLOUGHBY AND WIFE, JANET WILLOUGHBY, DE-
FENDANTS AND THIRD PARTY PLAINTIFFS v. J. PATRICK ADAMS
AND ROY M. BOOTH, KONRAD K. FISH, J. PATRICK ADAMS,
H. MARSHALL SIMPSON AND A. WAYNE HARRISON, A PART-
NERSHIP d/b/a BOOTH, FISH, ADAMS, SIMPSON & HARRISON
THIRD PARTY DEFENDANTS

No. 7418SC370

(Filed 5 June 1974)

1. **Public Officers § 1— notaries public**

A notary public is a public officer.

2. **Public Officers § 9— personal liability**

A public official engaged in the performance of governmental
duties involving the exercise of judgment and discretion may not be
held personally liable for mere negligence in respect thereto; for such
official to be held liable, it must be alleged and proved that his act
or failure to act was corrupt or malicious or that he acted outside of
and beyond the scope of his duties.

3. **Public Officers § 9— notary public — taking acknowledgment of deed —
no personal liability for negligence**

The taking of an acknowledgment of the execution of a deed by
a notary public is a judicial or quasi-judicial act by a public official
for which he may not be held personally liable absent a showing that
his act was corrupt, malicious, or outside the scope of his duties;
therefore, a notary public would not be personally liable for negli-
gently failing to establish the identity of the person who purported to
be the grantor named in a deed and who acknowledged execution of
the deed before the notary public.

APPEAL by third party plaintiffs from *Kivett, Judge,* 3 De-
cember 1973 Session of Superior Court held in GUILFORD County.

This is an action seeking to have a deed declared null and
void. Allegations of the complaint, filed 20 December 1972, are
summarized in pertinent part as follows: By deed dated 16
April 1970, and duly recorded, plaintiff acquired title to cer-
tain real estate in Guilford County. On 23 May 1972, a paper-
writing purporting to be a deed from plaintiff to defendant
Ruther B. Comer, conveying said real estate, was filed for reg-
istration in Guilford County Registry and recorded; plaintiff
did not execute said instrument. On 10 November 1972, a deed
from defendants Comer to defendants Willoughby purporting
to convey said real estate was recorded in Guilford County Reg-

istry. Plaintiff asks that the purported deed from him to Comer be declared null and void.

Defendants Willoughby filed answer denying the invalidity of the purported deed from plaintiff to Comer. They also asserted a cross claim against defendants Comer, asking that in the event plaintiff should prevail on his claim, that defendants Comer, by reason of the warranty in their deed, indemnify defendants Willoughby.

Defendants Willoughby also, as third party plaintiffs, caused J. Patrick Adams and Roy M. Booth, Konrad K. Fish, J. Patrick Adams, H. Marshall Simpson, and A. Wayne Harrison, a partnership d/b/a Booth, Fish, Adams, Simpson & Harrison, to be made third party defendants to the action. In their third party complaint, the Willoughbys alleged: The third party defendants are partners. Defendant Adams is, and was at all times pertinent to this action, a duly appointed notary public. Based on "the certificate and notarization" of Adams on the purported deed to Comer, defendants Willoughby paid good and valid consideration to defendants Comer for conveyance of the subject property. Defendant Adams negligently notarized the deed to Comer, and negligently failed to establish the identity of the person purporting to be M. B. Nelson. The purported deed to Comer was prepared by the partnership composed of the third party defendants; should the court determine that the deed to Comer is void, then third party plaintiffs Willoughby are entitled to indemnification from the third party defendants.

Third party defendants filed answer denying material allegations of the third party complaint. They also moved for judgment on the pleadings or summary judgment pursuant to G.S. 1A-1, Rules 12(c) and 56.

Answers by third party defendants to the interrogatories of third party plaintiffs, and affidavit of defendant Adams, tended to show: On 23 May 1972, defendant Ruther F. Comer was well known to Adams. Some time prior to that date, Comer employed Adams to prepare a deed from M. B. Nelson to Comer and supplied Adams with the original deed dated 16 April 1970. Adams prepared the deed and on 23 May 1972, Comer went to Adams' office accompanied by a man whom he introduced as M. B. Nelson. The man stated that he was M. B. Nelson, that he was still a widower, and asked that Adams notarize the deed. Adams did so.

Following a hearing, the trial court granted the third party defendants' motion for summary judgment and dismissed the action as to them. The third party plaintiffs appealed.

*Smith, Moore, Smith, Schell & Hunter, by Larry B. Sitton and J. Donald Cowan, Jr., for third party plaintiff appellants.*

*Henson, Donahue & Elrod, by Perry C. Henson and Sammy R. Kirby, for third party defendant appellees.*

BRITT, Judge.

Under G.S. 1A-1, Rule 56(c), "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Appellants contend that there is a genuine issue of fact as to negligence. Appellees contend that the pleadings and filed documents disclose a defense, *i.e.,* governmental immunity, which precludes the court from reaching the question of negligence.

[3] Appellants argue that in this State the "taking of an acknowledgment" of the execution of a deed by a notary public is a ministerial act, and that a notary is liable for negligence in the performance of that act. Appellees argue that the act is a judicial, or quasi-judicial, act by a public official for which he may not be held liable absent a showing that his act was corrupt, malicious, or outside the scope of his duties. We are constrained to agree with appellees.

[1, 2] In North Carolina, a notary public is a public officer. *Harris v. Watson,* 201 N.C. 661, 161 S.E. 215, 79 A.L.R. 441 (1931) ; *State v. Knight,* 169 N.C. 333, 85 S.E. 418 (1915). A public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto; for such official to be held liable, it must be alleged and proved that his act, or failure to act, was corrupt or malicious or that he acted outside of and beyond the scope of his duties. *Smith v. Hefner,* 235 N.C. 1, 68 S.E. 2d 783 (1951), and cases cited therein.

Appellants contend that statements in *State v. Knight, supra,* and other North Carolina cases to the effect that the

taking of an acknowledgment by a notary public is a judicial act, are dicta. We are inclined to agree, but feel that we must treat those statements as indicative of the court's concept of the office of notary public. In *Knight,* page 342, we find: "One of the duties which a notary public may perform is taking the probate of deeds, and this is a judicial act." And on the same page, the court quoted with approval from a Mississippi case as follows: " 'The officer who takes an acknowledgment (of the execution of a deed) acts in a judicial character in determining whether the person representing himself to be, or represented by some one else to be, the grantor named in the conveyance actually is the grantor. He determines further whether the person thus adjudged to be the grantor does actually and truly acknowledge before him that he executed the instrument.' "

A judicial act is defined as "[a]n act which involves exercise of discretion or judgment." Black's Law Dictionary, Fourth Edition, page 984. Chapter 47 of our General Statutes provides for the probate and registration of legal documents, and G.S. 47-1 provides that "[t]he execution of all deeds of conveyance, . . . may be proved or acknowledged before any one of the following officials of this State: The justices, judges, magistrates, clerks, assistant clerks, and deputy clerks of the General Court of Justice, and notaries public." We observe that notaries public are included in the statute along with other officials who are clearly judicial officials. It is noteworthy that various sections of Chapter 47 refer to the acknowledgment or *proof* of the execution of instruments. G.S. 47-12, et seq., provide for proof of an attested instrument by a subscribing witness or by handwriting. A notary public is authorized to make a determination as to those proofs, thereby performing a judicial act. Historically, the probate of a real estate deed in this State has been regarded as a judicial act as is indicated by the fact that during most of the nineteenth century the execution of a deed was proven in the *nisi prius* courts.

Appellants argue that the weight of authority in other jurisdictions is to the effect that notaries public may be held liable for negligence and they cite us four cases: *Meyers v. Meyers,* 5 Wn. App. 829, 491 P. 2d 253 (1971); *Brittain v. Monsur,* 195 S.W. 911 (Tex. 1917); *Figuers v. Fly,* 137 Tenn. 358, 193 S.W. 117 (1916), and *Transamerica Title Ins. Co. v. Green,* 11 Cal. App. 3d 693, 89 Cal. Rptr. 915 (1970). In each of these cases it appears that the notary was held liable when he did not fol-

low the statutory procedure for ascertaining the identity of the grantor in the deed. This State has no such statutory procedure.

On the question of "ministerial act," in *Langley v. Taylor*, 245 N.C. 59, 62, 95 S.E. 2d 115, 117 (1956), Chief Justice Winborne, writing for the court, defined the term as follows: "A ministerial act is 'one which a person performs in a prescribed manner in obedience to the mandate of legal authority, without regard to or exercise of his own judgment upon the propriety of the act being done.' Black's Law Dictionary, 3rd Ed. Indeed 'a ministerial duty, the performance of which may in proper cases be required of a public officer by judicial proceedings, is one in respect to which nothing is left to discretion; it is a simple, definite duty arising under circumstances admitted or proved to exist and imposed by law.' Black's Law Dictionary."

[3] For the reasons stated, we conclude that the rule set forth in *Smith v. Hefner, supra,* applies with respect to the acts of defendant Adams as a notary public. The liability of all of the third party defendants being dependent upon the liability of defendant Adams, the trial court properly entered summary judgment in their favor.

Affirmed.

Judges HEDRICK and CARSON concur.