## A95A0920. MATTHEWS v. DORSEY.
(462 SE2d 452)

RUFFIN, Judge.
John Matthews petitioned for 12 months support from the estate

of Margaret Joyner Matthews. The parties were present and accompanied by their attorneys of record on the date set for trial. After the trial court called the parties to come forward and proceed, however, Matthews' attorney informed the court that he could not proceed because his assistant had taken ill and therefore was not present in court with the documents he needed to try the case. One such document was executrix Charlotte Dorsey's affidavit about which counsel stated he needed to cross-examine her. In response, Dorsey's attorney indicated he was ready to proceed. The trial court indicated it could not grant a continuance based on Matthews' "motion" and called the case for trial, noting that the individual who was not present in court was not counsel of record and that both attorneys of record were present. Matthews' attorney again declared that he could not proceed, and Dorsey moved to dismiss Matthews' petition. The court granted the motion to dismiss, and this appeal followed. In his sole enumeration of error, Matthews contends the trial court erred in failing to grant his motion for a continuance.

"It is well established that all continuances for which express provision has not been made are granted or denied in the discretion of the trial court, and this court will not reverse such decisions absent a clear abuse of discretion. OCGA § 9-10-167 (a); [cit.]" *Payton v. Green*, 179 Ga. App. 438, 439 (2) (346 SE2d 884) (1986). In the instant case, the continuance was not sought due to the absence of a party, leading counsel or a witness as expressly provided in OCGA §§ 9-10-154; 9-10-155; 9-10-160, respectively. Thus, we must determine whether the trial court abused its discretion in refusing to grant a continuance.

To this end, we find the Georgia Supreme Court's decision in *Horshaw v. Cook*, 16 Ga. 526 (1854) controlling. In that case, based on similar circumstances, the court affirmed the trial court's denial of a continuance, finding that "[t]he law required the defendant to have [the] papers at Court, that he might be in readiness for trial. It was at his own risk, therefore, and manifested a want of proper diligence, when he permitted another, especially one who was not his leading Counsel, to keep them in his possession, and away from Court." Id. at 527. See also OCGA § 9-10-166. Accordingly, we find no abuse of discretion in the trial court's denial of Matthews' motion.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED SEPTEMBER 19, 1995.

*Ted H. Reed,* for appellant.
*Glen E. Stinson,* for appellee.