**BARGER v. McCOY HILLARD & PARKS**

[122 N.C. App. 391 (1996)]

———————————

JERRY H. BARGER, H. WAYNE KENNERLY, AND HARRY G. YOUNG, JR., PLAINTIFFS V. McCOY HILLARD & PARKS, A NORTH CAROLINA GENERAL PARTNERSHIP, DAVID R. McCOY, MICHAEL W. HILLARD, BRENT H. PARKS AND SHEILA LEE, DEFENDANTS

No. COA94-876

(Filed 7 May 1996)

### Accountants § 20 (NCI4th)— negligent misrepresentation—applicable statute of limitations—action not barred

Since there was no contractual duty between plaintiffs and defendant accountants, plaintiffs' claim was one for negligent misrepresentation and was governed by the statute of limitations set out in N.C.G.S. § 1-52(5); therefore, since, according to plaintiffs' forecast of evidence, they discovered the harm from defendants' actions in 1990 and filed their complaint in 1992, their claim was not barred by the statute of limitations, and that portion of the Court's prior opinion holding to the contrary is withdrawn.

BARGER v. McCOY HILLARD & PARKS

[122 N.C. App. 391 (1996)]

Am Jur 2d, Accountants §§ 24, 25.

Liability of public accountant to third parties. 46 ALR3d 979.

Liability of independent accountant to investors or shareholders. 35 ALR4th 225.

Appeal by plaintiffs from order entered 27 April 1994 by Judge William H. Helms in Rowan County Superior Court. Originally heard in the Court of Appeals 9 May 1995.

*Caudle & Spears, P.A., by Thad A. Throneburg and Jeffrey L. Helms, for plaintiff-appellants.*

*Hedrick, Eatman, Gardner & Kincheloe, by Hatcher Kincheloe, L. Kristin King, and James J. Hutton for defendant-appellees.*

MARTIN, John C., Judge.

Plaintiffs' Petition for Rehearing of our decision filed 3 October 1995, reported at 120 N.C. App. 326, 462 S.E.2d 452, was allowed on 29 November 1995 pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure. We allowed the filing of supplemental briefs.

Upon review, we conclude that our earlier opinion was in error in characterizing plaintiffs' negligent misrepresentation claim as an accounting malpractice claim barred by the three-year statute of limitations of G.S. § 1-15(c). In *NCNB National Bank v. Deloitte & Touche*, 119 N.C. App. 106, 458 S.E.2d 4, *cert. denied*, 341 N.C. 651, 462 S.E.2d 514 (1995), this Court stated:

> The instant [accountant's liability] case is not a malpractice case with privity between plaintiff and defendant; it is a negligent misrepresentation case. (*See Insurance Co. v. Holt*, 36 N.C. App. 284, 288, 244 S.E.2d 177, 180 (1978), where our Court held that "claims for relief for attorney malpractice are actions sounding in contract and may properly be brought only by those who are in privity of contract with such attorneys by virtue of a contract providing for their employment. *See also Jefferson-Pilot Ins. Co. v. Spencer*, 336 N.C. at 56, 442 S.E.2d at 319, where our Supreme Court stated that because the claim was one for negligent misrepresentation, "it [was] governed by the statute of limitations set out in N.C.G.S. § 1-52(5)[.]").

*Id.* at 114-15, 458 S.E.2d at 9. As we stated in our earlier opinion, there was no contractual duty between plaintiffs and defendants in the present case; accordingly, plaintiffs' claim is one for negligent misrepresentation and is governed by the statute of limitations set out in G.S. § 1-52(5).

Under G.S. § 1-52(5), a claim for negligent misrepresentation "does not accrue until two events occur: first, the claimant suffers harm because of the misrepresentation and second, the claimant discovers the misrepresentation." *Jefferson-Pilot Life Ins. Co. v. Spencer,* 336 N.C. 49, 57, 442 S.E.2d 316, 320 (1994). According to the plaintiffs' forecast of evidence in this case, they discovered the harm in 1990, and their complaint was filed in 1992. We therefore withdraw that portion of our previous opinion holding that plaintiffs' negligent misrepresentation claim is barred by the statute of limitations as a matter of law, and we reverse the trial court's entry of summary judgment in favor of defendants as to the negligent misrepresentation claim.

Affirmed in part, reversed in part, and remanded.

Judges JOHNSON and GREENE concur.