WILLIAM S. BIZZELL v. GREAT AMERICAN INSURANCE COMPANY.

(Filed 30 April, 1958.)

**1. Appeal and Error § 6: Constitutional Law § 4—**

Ordinarily, the courts will not pass upon the constitutionality of a statute in an action in which there is no actual antagonistic interest between the parties, or where it appears that the parties are as one in interest, and desire the same relief.

**2. Actions § 3: Courts § 2—**

Whenever in the course of litigation it becomes apparent that there is an absence of a genuine adversary issue between the parties, the court should withhold the exercise of jurisdiction and dismiss the action.

**3. Appeal and Error § 2—**

The Supreme Court will take judicial notice that a party defendant in the case under consideration is a party plaintiff in another case heard on appeal the same week.

**4. Appeal and Error § 6: Constitutional Law § 4—**

In this action attacking the constitutionality of a statute, demurrer of certain defendants was allowed, and it appeared that the remaining defendant was a party plaintiff in another action in which such party attacked the constitutionality of the statute for like reasons asserted by plaintiff in the instant case. *Held:* It appearing that no actual antagonistic interest exists between the parties and that both parties desire the same relief, the action is dismissed.

WINBORNE, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sharp*, Special Judge, at 10 February, 1958, Civil Term of WAKE.

Civil action to test the constitutionality of the Firemen's Pension Fund Act, Chapter 1420, Session Laws of 1957, codified as G.S. 118-18 through 118-37, heard below on motion for judgment on the pleadings.

The Act creates a pension plan for certain eligible firemen in North Carolina. The plan is to be financed in part by a charge of 1% of the premiums on fire and lightning insurance on property "in areas where fire protection is available." The Act requires the charge to be passed on to the purchasers of insurance in the form of an additional charge for insurance.

The plaintiff, William S. Bizzell, obtained a policy of fire insurance from the defendant, Great American Insurance Company. The policy insured the plaintiff's home located in the City of Raleigh. The Insurance Company required the plaintiff to pay, pursuant to the Firemen's Pension Fund Act, a charge of 1% of the fire and lightning insurance premium in addition to the regular premium. The additional charge amounted to fifty cents.

Thereafter, the plaintiff instituted this action, alleging that the Firemen's Pension Fund Act is unconstitutional on five specific grounds, and demanding refund of the additional premium charge of fifty cents.

In addition to the Great American Insurance Company, the following were made parties defendant: Charles F. Gold, Commissioner of Insurance, who is charged by the Act with the duty of collecting from the insurance companies the additional charges made for the benefit of the Pension Fund; the five individuals who constitute the Board of Trustees of the Pension Fund, namely: Henry L. Bridges, I. Miller Warren, Charles F. Gold, Berry C. Gibson and Curtis H. Flanagan; C. R. Puryear, a paid fireman from the City of Raleigh, as class representative of all paid firemen in North Carolina; and Ray E. Scott, as class representative of all volunteer firemen in the State.

All the defendants except the Great American Insurance Company filed a demurrer to the complaint. The demurrer was directed to procedural and jurisdictional aspects of the case rather than to the merits of the constitutional attack made upon the Act in the complaint.

On 18 December, 1957, by order of Judge Bickett, Resident Judge of the Tenth Judicial District, the demurrer was sustained, and the action was dismissed as to the demurring defendants. There was no appeal from the order.

Thereafter the Great American Insurance Company, which had originally answered the complaint, filed an amendment amplifying the allegations of the answer and setting forth additional facts respecting some of the allegations of the complaint previously admitted. The answer as amended makes only technical denial of the plaintiff's allegations wherein it is averred that the Act is unconstitutional.

Next, the plaintiff moved for judgment on the pleadings. At the conclusion of the hearing on the motion, the presiding Judge, being of the opinion that no issue of fact is raised by the pleadings and that the challenged statute is unconstitutional for the reasons set out in the complaint, entered judgment declaring the Act unconstitutional and void. From the judgment entered, the defendant appeals.

*Bailey & Bason* for plaintiff.
*Joyner & Howison and Allen & Hipp* for defendant.
*Attorney General George B. Patton, Assistant Attorney General T. W. Bruton, and Ehringhaus & Ellis,* Amici Curiae.

JOHNSON, J.   Ordinarily, the courts will not pass upon the constitutionality of a statute in an action in which there is no actual antagonistic interest between the parties, or where it appears that the parties are as one in interest and desire the same relief. *U. S. v. John-*

*son,* (1943) 319 U. S. 302, 87 L. ed. 1413; *Chicago & Grand Trunk Railway Co. v. Wellman,* (1892) 143 U. S. 339, 36 L. ed. 176; *C. I. O. v. McAdory,* (1945) 325 U.S. 472, 89 L. ed. 1741; *Moritz v. United Brethrens Church,* 244 App. Div. 121, 278 N.Y.S. 342.

In *C. I. O. v. McAdory, supra,* it is said: "The court will not pass upon the constitutionality of legislation in a suit which is not adversary, *Bartemeyer v. Iowa,* 18 Wall. 129, 134-5; *Chicago & Grand Trunk R. Co. v. Wellman,* 143 U. S. 339; *Atherton Mills v. Johnston,* 259 U. S. 13, 15; *Coffman v. Breeze Corps.,* 323 U. S. 316, 324, or in which there is no actual antagonistic assertion of rights."

Whenever in the course of litigation it becomes apparent that there is an absence of a genuine adversary issue between the parties, the court should withhold the exercise of jurisdiction and dismiss the action. *U. S. v. Johnson, supra; Burton v. Realty Co.,* 188 N.C. 473, 125 S.E. 3. See also *Tryon v. Power Co.,* 222 N.C. 200, 22 S.E. 2d 450; *Parker v. Bank,* 152 N.C. 253, 67 S.E. 492; *Greensboro v. Wall,* 247 N.C. 516, 101 S.E. 2d 413 1 C.J.S., Actions, Sec. 1 f. (7), p. 944; 14 Am. Jur., Courts, Sec. 49; *Ibid,* Sec. 173.

This record impels the conclusion that the instant action, as one to test the constitutional validity of the Firemen's Pension Fund Act, lost its adversary character when the original defendants who demurred were let out.

In support of this conclusion it suffices to point to these crucial facts: The defendant Great American Insurance Company is one of the plaintiffs in an action instituted in the Superior Court of Wake County on 26 August, 1957, by five insurance companies for the purpose of testing the constitutionality of the Firemen's Pension Fund Act. The case is now before this Court on appeal, and is being decided by opinion filed simultaneously with this opinion. The companion case, entitled *"American Equitable Assurance Company of New York, and others v. Charles F. Gold, Commissioner of Insurance, and others,"* joins as defendants the same persons who as original parties defendant in the instant action were let out when their demurrer was sustained. The allegations of the complaint attacking the constitutionality of the Act are substantially the same in the companion case as in the instant case. Also, it is noted that in the case at bar, in answering the plaintiff's allegations of unconstitutionality, the defendant makes what it terms only "technical and formal denial thereof." And this "technical and formal" denial is prefaced by the averment that the defendant is of the opinion that the statute "is probably unconstitutional . . . and will be so declared by the courts for the reasons set forth in the complaint, . . ." Moreover, the defendant appellant in its answer alleges that it "is in the position of a stakeholder" and offers, if requested to do so, to pay the amount of the additional charge claimed by the plaintiff

into court, to be paid out as directed by the court upon final determination of the cause. And in its prayer for relief, the defendant prays, not that the statute be upheld, but only that "the court take jurisdiction of this matter and determine the validity and constitutionality of the Firemen's Pension Fund Act."

It is further noted that the attorneys who appeared *amici curiae* in this Court also appeared in a similar capacity in the court below. The record indicates that these attorneys, who had previously represented the demurring defendants, were invited by both the plaintiff and the defendant to appear *amici curiae*, subject to the permission of the court, and participate in the hearing on the motion for judgment on the pleadings. In response to the invitation, and with the permission of the court, the attorneys appeared at the hearing, but, as was their right, they took the position that the court was without jurisdiction to pass on the constitutional questions, and limited their arguments to procedural and jurisdictional phases of the case. Similarly, in this Court the *amici curiae* brief and the amplifying oral argument were limited in scope to the same procedural and jurisdictional matters, and did not go to the merits of the constitutional questions attempted to be presented. These fringe *amici curiae* appearances have contributed nothing of substance toward giving the case a genuine antagonistic character.

We deem it proper to state that the record here discloses no suggestion of collusion on the part of any of the parties or attorneys. On the contrary, the case appears to have been instituted in the utmost good faith for the purpose of obtaining a speedy decision of a question vitally affecting both private and public rights. And the case as instituted against all the original parties presented a genuine justiciable question for the court. It was only when the case was dismissed as to the demurring defendants by order of Judge Bickett, with no appeal being noted by the plaintiff, that the case lost its adversary character. The record on appeal does not disclose whether the presiding Judge was apprised of the fact that the defendant Great American Insurance Company was a party plaintiff in the companion case heretofore mentioned. The record in that case discloses that it was previously heard by Judge Bickett on demurrer and had been on appeal to this Court more than a month before Judge Sharp heard the instant case. However, both cases were heard in this Court the same day, on call of cases from the Tenth District. Thus we are charged with judicial notice that the Great American Insurance Company, defendant in the instant case, is a plaintiff in the other case, and being charged with such notice, we take cognizance of all the natural and reasonable inferences deducible therefrom; and when these facts and inferences are considered with the facts disclosed by the record in the instant case, it is manifest that

as between the plaintiff and the defendant there is no actual antagonistic interest and that both parties desire the same relief, namely, that the Act be declared unconstitutional.

Since no real controversy is presented by the case, the action will be dismissed. This will be done notwithstanding the plaintiff is suing for refund of the fifty cents additional premium collected by the defendant pursuant to the Firemen's Pension Fund Act. In this connection it is worthy of note that the companion case which is being decided simultaneously herewith is now set to provide the means necessary for a prompt testing of the validity of the Firemen's Pension Fund Act.

The judgment rendered below will be treated as erroneous and set aside; and the action will be dismissed. Let each side pay its own costs.

Action Dismissed.

WINBORNE, C. J., took no part in the consideration or decision of this case.