HELEN KING, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JOHN CARROL KING, DECEASED, PLAINTIFFS v. CAPE FEAR MEMORIAL HOSPITAL, INC., JOSEPH L. SOTO, ADMINISTRATOR OF CAPE FEAR MEMORIAL HOSPITAL, INC., DR. OLIVER R. HUNT, OLIVER R. HUNT, P.A., CARROL JOHNSON, C. BULLOCK AND E. KRAMER, DEFENDANTS

No. 895SC263

(Filed 21 November 1989)

1. **Death § 4 (NCI3d) — wrongful death action — medical malpractice — statute of limitations**

    The trial court did not err by granting defendants' motions to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) a wrongful death action arising from medical malpractice due to the statute of limitations. The cause of action for wrongful death is provided only by statute and must be asserted in conformity with the applicable statutory provisions. The statute of limitations for bringing wrongful death claims, N.C.G.S. § 1-53(4), contains no discovery exception for latent or nonapparent injuries. N.C.G.S. § 1-15(c).

    **Am Jur 2d, Death §§ 60, 71; Physicians, Surgeons, and Other Healers §§ 316, 321.**

2. **Trespass § 2 (NCI3d); Limitation of Actions § 5 (NCI3d) — intentional infliction of emotional distress — statute of limitations**

    The trial court did not err by granting defendants' motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6), of an action for intentional infliction of mental distress arising from medical malpractice because the action was barred by the statute of limitations. Because it is not specifically denominated under any limitation statute, the cause of action for emotional distress falls under the general three-year provision of N.C.G.S.

§ 1-52(5) and the discovery exception of N.C.G.S. § 1-15(c) does not apply.

> **Am Jur 2d, Death §§ 60, 71; Physicians, Surgeons, and Other Healers §§ 316, 321.**

3. **Husband and Wife § 9 (NCI3d); Limitation of Actions § 4 (NCI3d) — loss of consortium — wrongful death — statute of limitations**

> The trial court did not err by granting defendants' motion for dismissal under N.C.G.S. § 1-A-1, Rule 12(b)(6), of a claim for loss of consortium arising from wrongful death where the action was barred by the wrongful death statute of limitations. An action for loss of consortium is available only when it is joined with any suit the deceased spouse may have instituted to recover for his or her personal injuries, and the only action available to plaintiff's deceased husband was one for wrongful death through his personal representative.

> **Am Jur 2d, Husband and Wife §§ 453, 454.**

4. **Rules of Civil Procedure § 12.1 (NCI3d) — Rule 12(b)(6) motion — matters outside the pleadings**

> The trial court did not erroneously refuse to consider several affidavits offered by plaintiff in her response to defendants' motions to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6), where the other matters considered by the court, which plaintiff contended were matters outside the pleadings converting the motions to motions for summary judgment, were only requests, explanations, and arguments of counsel on both sides with respect to defendants' Rule 12(b)(6) motions. Even assuming that the trial court improperly refused to consider plaintiff's affidavits, such error was not prejudicial because all of plaintiff's claims were at least indirectly precluded by the statute of limitations.

> **Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 62, 63.**

APPEAL by plaintiff from *Tillery, Judge.* Order entered 9 December 1988 in District Court, NEW HANOVER County. Heard in the Court of Appeals 11 October 1989.

This is a civil action wherein plaintiff, individually and as administratrix of her deceased husband's estate, seeks damages for wrongful death, loss of consortium, and intentional infliction of emotional distress resulting from the medical care her husband received during his final illness. Evidence presented at trial established the following facts:

1) On 30 July 1985, John King underwent lung surgery at defendant hospital for the removal of a cancerous lesion.

2) On 27 August 1985, King's family, upset with his progress and with the treatment he was receiving, dismissed King's doctor (defendant Hunt) and had another physician assume his care.

3) On 2 September 1985, King died due to complications resulting from the surgery performed on 30 July.

4) On 29 August 1988, plaintiff brought suit against the named defendants alleging medical malpractice, wrongful death, loss of consortium, and intentional infliction of emotional distress.

All defendants subsequently filed motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim to which relief could be granted. From an order allowing the motions to dismiss, plaintiff appealed.

*Otho L. Graham and Wallace, Morris, Barwick & Rochelle, P.A., by Fitzhugh E. Wallace, Jr., for plaintiff, appellant.*

*Ward and Smith, P.A., by Thomas E. Harris and C. David Creech, for defendants, appellees Cape Fear Memorial Hospital, Inc., Joseph L. Soto, Carrol Johnson, M.D., Paula S. Bullock and Elizabeth Kramer.*

*Yates, Fleishman, McLamb and Weyer, by Dan J. McLamb, for defendants, appellees Dr. Oliver R. Hunt and Oliver R. Hunt, P.A.*

HEDRICK, Chief Judge.

[1] In her first assignment of error, plaintiff contends the trial court erred in granting defendants' motions to dismiss for failure to state a claim under Rule 12(b)(6). She argues her claims were not barred by the applicable statutes of limitations because of the discovery exception for medical malpractice actions in G.S. 1-15(c) which provides in pertinent part:

## KING v. CAPE FEAR MEM. HOSP.

[96 N.C. App. 338 (1989)]

> Whenever there is bodily injury to the person . . . which originates under circumstances making the injury . . . not readily apparent to the claimant at the time of its origin, and the injury . . . is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made. . . .

Plaintiff, as administratrix of her husband's estate, attempted to bring a claim against defendants for wrongful death under G.S. 28A-18-1 based on alleged acts of medical malpractice. She argues that this claim, because it was based on acts of medical malpractice, was preserved by the discovery exception in G.S. 1-15(c). We disagree.

The cause of action for wrongful death did not exist at common law but is a right provided only by statute. *Bell v. Huskins*, 249 N.C. 199, 105 S.E.2d 642 (1959). Therefore, any action brought for wrongful death must be asserted in conformity with the applicable statutory provisions. *Webb v. Eggleston*, 228 N.C. 574, 46 S.E.2d 700 (1948). G.S. 1-53(4) imposes a two-year limitation period for bringing wrongful death claims beginning on the date of decedent's death. This statute, unlike G.S. 1-15(c), contains no discovery exception for latent or nonapparent injuries. As a result, plaintiff was required to bring her wrongful death claim within two years of the deceased's death. Because she did not do so, her claim was barred.

[2] Plaintiff also argues her complaint alleges a personal cause of action for intentional infliction of mental distress which is not barred by the statute of limitations. She claims this cause of action was also preserved by the discovery exception in G.S. 1-15(c). This argument has no merit. Because it is not specifically denominated under any limitation statute, a cause of action for emotional distress falls under the general three-year provision of G.S. 1-52(5). The record in the present case indicates that any intentional tortious conduct by the deceased's treating physician (defendant Hunt) must have taken place on or before 27 August 1985 when the doctor was dismissed. Plaintiff's failure to file her complaint by 27 August 1988 therefore resulted in the loss of any potential claim for emotional distress. The discovery exception of G.S. 1-15(c), which by its terms concerns only acts or omissions constituting malpractice, does not apply to preserve actions for emotional distress.

[3]  Plaintiff additionally contends her complaint stated a claim for loss of consortium. Once again, however, her action is barred. Although the spouse of a deceased victim may maintain an action for loss of consortium due to the negligence of a third party, such an action is available only when it "is joined with any suit the other [deceased] spouse may have instituted to recover for his or her personal injuries." *Nicholson v. Chatham Memorial Hospital*, 300 N.C. 295, 304, 266 S.E.2d 818, 823 (1980). As stated previously, the only action available to plaintiff's deceased husband was one for wrongful death through his personal representative. Since that action was barred by the two-year statute of limitations, plaintiff's claim for loss of consortium is likewise precluded.

[4]  Finally, plaintiff complains the trial court erroneously refused to consider several affidavits offered by her in response to defendants' Rule 12(b)(6) motions. She claims the trial court considered "matters outside the pleadings" in ruling on the motions, thereby converting them to motions for summary judgment under Rule 56 and requiring the trial court to consider her affidavits. A motion to dismiss for failure to state a claim is "converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court." *Stanback v. Stanback*, 297 N.C. 181, 205, 254 S.E.2d 611, 627 (1979); *Baugh v. Woodard*, 56 N.C. App. 180, 181, 287 S.E.2d 412, 413, *disc. rev. denied*, 305 N.C. 759 (1982); North Carolina Rules of Civil Procedure, Rule 12(b). In addition to plaintiff's complaint, the trial judge considered the following in ruling on defendants' motions:

> 1) Plaintiff's motion to make more definite and certain and to delay hearing on defendants' Rule 12(b)(6) motion and memorandum and affidavit in support of motion.
>
> 2) Defendants' supplemental motion to dismiss for failure to state a claim; and
>
> 3) Defendants' response to plaintiff's motion to make more definite and certain the 12(b)(6) motions of defendants.

These materials constitute only requests, explanations, and arguments of counsel on both sides with respect to defendants' Rule 12(b)(6) motions. As such, they are not matters outside the pleadings within the meaning of Rule 12(b). Moreover, assuming *arguendo* that the trial court improperly refused to consider plaintiff's affidavits, such error was not prejudicial. The record estab-

lishes that all of plaintiff's claims were at least indirectly precluded by the statute of limitations. Such a bar is therefore insurmountable, notwithstanding any additional facts or arguments plaintiff's affidavits may have contained.

For the reasons stated, we hold the trial judge properly allowed defendants' motions to dismiss.

Affirmed.

Judges ARNOLD and BECTON concur.