RUTH M. KEYS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF HARRY E. KEYS, DECEASED v. DUKE UNIVERSITY, TRADING AND DOING BUSINESS AS DUKE UNIVERSITY HOSPITAL AND PRIVATE DIAGNOSTIC CLINIC

No. 9214SC1144

(Filed 2 November 1993)

**Death § 31 (NCI4th); Husband and Wife § 5 (NCI4th)— loss of consortium—claim included in wrongful death action**

The trial court properly dismissed plaintiff's claim brought in her individual capacity for loss of consortium based on the ground that the wrongful death statute, N.C.G.S. § 28A-18-2, encompasses loss of consortium claims, since any common law claim encompassed by the wrongful death statute must be asserted under this statute by the personal representative for the deceased.

**Am Jur 2d, Death § 254.**

Appeal by plaintiff Ruth M. Keys from order entered 24 August 1992 and signed 10 September 1992 by Judge Robert H. Hobgood in Durham County Superior Court. Heard in the Court of Appeals 7 October 1993.

On 27 April 1992, Plaintiff Ruth M. Keys filed a complaint against defendants asserting a claim for wrongful death in her capacity as administratrix of her husband's estate and a claim for loss of consortium in her individual capacity. Plaintiff filed an amended complaint for the same claims on 25 June 1992. Subsequently, defendants filed an answer to the amended complaint, denying plaintiff's allegations and moving to dismiss plaintiff's claim for loss of consortium pursuant to N.C. R. Civ. P. 12(b)(6).

KEYS v. DUKE UNIVERSITY

[112 N.C. App. 518 (1993)]

On 10 September 1992, Judge Robert H. Hobgood entered an order granting defendants' motion to dismiss the loss of consortium claim of Plaintiff Ruth M. Keys, individually, and certifying this matter to be heard before the Court of Appeals. From this order, plaintiff appeals.

*R. Marie Sides for plaintiff-appellant.*

*Moore & Van Allen, by William E. Freeman, for defendant-appellees.*

ORR, Judge.

On 12 March 1990, plaintiff's husband, Harry E. Keys, was admitted to Duke University Hospital for congestive heart failure, and on 14 March 1990, he underwent cardiac surgery. In plaintiff's complaint she alleged that on 3 April 1990, plans were being made to discharge Mr. Keys to his home. Further, plaintiff alleged that on 19 April 1990, Mr. Keys was mistakenly given medication which resulted in a "Code 5" which resulted in Mr. Keys being sent back into the intensive care unit. Plaintiff also alleged that Mr. Keys showed signs of significant improvement and that he was able to communicate on or about 27 April 1990, at which time a morphine drip was initiated and increased to twenty milligrams per hour at about 11:00 p.m. On 28 April 1990, at 2:00 p.m., defendants extubated Mr. Keys without oxygen support, and he was pronounced dead at 2:50 p.m.

Plaintiff brought this action against defendants for the wrongful death of Mr. Keys and for loss of consortium. Plaintiff brought her wrongful death claim as administratrix of Mr. Keys' estate under the wrongful death statute, N.C. Gen. Stat. § 28A-18-2, and she brought her loss of consortium claim in her individual capacity. Upon motion by defendants, the trial court dismissed the consortium claim of plaintiff brought in her individual capacity. From the dismissal of her claim, plaintiff appeals.

Plaintiff, in her sole assignment of error, contends that the trial court erred in dismissing her claim for loss of consortium pursuant to N.C. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. We disagree.

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Chrysler Credit Corp. v. Rebhan,* 66 N.C. App. 255, 257, 311 S.E.2d 606, 608 (1984).

Under the "notice theory of pleading," a statement of a claim can withstand a motion to dismiss if it gives the other party notice of the nature and basis of the claim sufficient to enable the party to answer and prepare for trial. . . . A claim for relief should not be dismissed unless it appears beyond doubt that the party is entitled to no relief under any state of facts which could be presented in support of the claim. . . . Therefore, the essential question on a Rule 12(b)(6) motion, is whether the complaint, when liberally construed, states a claim upon which relief can be granted on *any* theory.

*Barnaby v. Boardman*, 70 N.C. App. 299, 302, 318 S.E.2d 907, 909, *disc. review allowed*, 312 N.C. 621, 323 S.E.2d 921 (1984), *rev'd on other grounds*, 313 N.C. 565, 330 S.E.2d 600 (1985) (emphasis in original) (citations omitted).

Defendants contend that the trial court properly dismissed plaintiff's claim brought in her individual capacity for loss of consortium based on the ground that the wrongful death statute, N.C. Gen. Stat. § 28A-18-2 (Cum. Supp. 1992), encompasses loss of consortium claims, and any common law claim encompassed by the wrongful death statute must be asserted under this statute by the personal representative for the deceased. We agree.

This Court has held that "any common law claim which is now encompassed by the wrongful death statute must be asserted under that statute." *Christenbury v. Hedrick*, 32 N.C. App. 708, 712, 234 S.E.2d 3, 5 (1977) (holding proper the dismissal of an action by the surviving mother for medical and funeral expenses incurred on behalf of her unemancipated minor children who died as a result of an automobile accident). Further, loss of consortium is a common law claim. *See Nicholson v. Hugh Chatham Memorial Hosp., Inc.*, 300 N.C. 295, 266 S.E.2d 818 (1980). Thus, the determinative issue on appeal is whether plaintiff's claim for loss of consortium is covered under the wrongful death statute.

The North Carolina wrongful death statute states in pertinent part:

(a) When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable . . . shall be liable to an action for damages, to be

brought by the personal representative or collector of the decedent . . . .

(b) Damages recoverable for death by wrongful act include:

(1) Expenses for care, treatment and hospitalization incident to the injury resulting in death;

(2) Compensation for pain and suffering of the decedent;

(3) The reasonable funeral expenses of the decedent;

(4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected:

a. Net income of the decedent,

b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,

c. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

(5) Such punitive damages as the decedent could have recovered had he survived, and punitive damages for wrongfully causing the death of the decedent through maliciousness, wilful or wanton injury, or gross negligence;

(6) Nominal damages when the jury so finds.

N.C. Gen. Stat. § 28A-18-2 (Cum. Supp. 1992).

Thus the wrongful death statute permits "beneficiaries to recover, in addition to lost income, compensation for the decedent's medical and funeral expenses, his pain and suffering, and loss of the decedent's services, protection, care, assistance, society, companionship, comfort, guidance, kindly offices and advice, among other things." *DiDonato v. Wortman*, 320 N.C. 423, 429, 358 S.E.2d 489, 492 (1987).

In North Carolina, a claim for loss of consortium "embraces service, society, companionship, sexual gratification and affection . . . ." *Nicholson*, 300 N.C. at 302, 266 S.E.2d at 822. Additionally,

our Supreme Court has stated, "experience with the North Carolina wrongful death statute, G.S. 28A-18-2(b), *which does allow compensation for loss of consortium*, indicates trial courts and juries recognize and can measure such damage to society, affection and companionship." *Id.* (emphasis added). Thus, by the plain language of the wrongful death statute, and in light of the statement made by our Supreme Court in *Nicholson, supra,* the North Carolina wrongful death statute encompasses a claim for loss of consortium, and we hold, therefore, that plaintiff's claim in the present action should have been brought under that statute.

Plaintiff argues, however, that the statute does not provide for recovery for her mental anguish and that her action for loss of consortium should be allowed to stand so that she can recover damages as a result of her mental anguish. Although the law in North Carolina is unclear as to whether a plaintiff may recover for mental anguish in an action for loss of consortium, what is clear from the language cited above is that the tort claim for "loss of consortium", no matter what damages may be recovered thereunder, is covered under the wrongful death statute, and plaintiff may not, therefore, bring an independent claim for loss of consortium in this action.

We conclude, therefore, that the trial court did not err in dismissing plaintiff's independent claim for loss of consortium, and accordingly we affirm the order of the trial court.

Affirmed.

Judges EAGLES and GREENE concur.