STEVE UDZINSKI, Administrator of the Estate of Louise Udzinski and Administrator of the Estate of Victor Udzinski, Plaintiff v. JEFFREY D. LOVIN, M.D. and HAYWOOD MEDICAL IMAGING, P.C., Defendants

No. COA02-480

(Filed 5 August 2003)

**Statutes of Limitation and Repose— medical malpractice— wrongful death**

    The trial court did not err in a medical malpractice and wrongful death case by dismissing plaintiff's complaint under N.C.G.S. § 1A-1, Rule 12(b)(6) based on both claims being time-barred, because: (1) the medical malpractice claim falls under the purview of N.C.G.S. § 1-15(c) which establishes a four-year statute of repose, and the complaint was filed more than four years after the last act giving rise to the complaint; and (2) the wrongful death claim falls under N.C.G.S. § 1-53(4) which establishes a two-year statute of limitations, the complaint was filed more than two years after decedent's date of death, and the order extending the statute of limitations in this case pertained only to the medical malpractice claim and not to a wrongful death claim.

    Judge Hunter concurring.

    Judge Bryant dissenting.

    Appeal by plaintiff from judgment entered 29 January 2002 by Judge Mark E. Klass in Iredell County Superior Court. Heard in the Court of Appeals 11 February 2003.

    *Comerford & Britt, L.L.P., by Clifford Britt, and Terre Yde for plaintiff-appellant.*

    *Carruthers & Roth, P.A., by Richard L. Vanore, and Norman F. Klick, Jr. for defendant-appellees.*

ELMORE, Judge.

    Louise Udzinski (Mrs. Udzinski) had medical examinations yearly, and a chest x-ray as a part of the annual exam. On 17 February 1997 Dr. Jeffery D. Lovin (Dr. Lovin) interpreted Mrs. Udzinski's chest x-ray, failing at that time to diagnose that the decedent had a "progressive interval increase in a subtle right middle lobe mass" which

UDZINSKI v. LOVIN

[159 N.C. App. 272 (2003)]

may have indicated lung cancer. Dr. Lovin rendered no further medical care to Mrs. Udzinski after that time. From x-rays taken on 23 February 1998, Mrs. Udzinski was diagnosed by a Dr. Wieslawa Pekal as having cancer which was incurable due to its advanced stage. Despite multiple rounds of chemotherapy and other treatments, Mrs. Udzinski died from lung cancer on 1 April 1999 at the age of seventy-two.

Her husband, Victor Udzinski (Mr. Udzinski), suffered from deep depression and financial hardship in the months that followed his wife's passing. He died on 17 October 1999.

Steve Udzinski (plaintiff), the Udzinski's only child and executor of their estates, filed a complaint for damages on 27 July 2001 on their behalf. Prior to the complaint, on 27 March 2001, in response to plaintiff's motion, the trial court granted an "ORDER GRANTING EXTENSION OF THE STATUTE OF LIMITATIONS IN A MEDICAL MALPRACTICE ACTION PURSUANT TO N.C.R. CIV. P. 9(j)." The order gave the plaintiff an additional 120 days to file the medical malpractice claim. The complaint, filed 27 July 2001, alleged negligence of Dr. Lovin, vicarious liability of Haywood Medical Imaging, P.C., vicarious liability and negligence of Haywood Regional Medical Center, breach of contract, "severe emotional distress" of Mr. Udzinski, and wrongful death.

The complaint as it pertained to Haywood Regional was voluntarily dismissed, and the complaint against Dr. Lovin and Haywood Medical Imaging remained. The remaining complaint was dismissed with prejudice by the trial court, citing the statute of repose contained in section 1-15(c) of the General Statutes, which pertains to medical malpractice claims. Plaintiff appeals the judgment dismissing the complaint.

I.

The issue before this Court is whether the trial court properly dismissed the plaintiff's claim as barred by the statute of repose. The standard of review is *de novo* regarding the limitations issue. Ordinarily, a dismissal predicated upon the statute of limitations is a mixed question of law and fact. But where the relevant facts are not in dispute, all that remains is the question of limitations which is a matter of law. *Poultry Co. v. Oil Co.*, 272 N.C. 16, 21, 157 S.E.2d 693, 697 (1967); *Yancey v. Watkins*, 17 N.C. App. 515, 519, 195 S.E.2d 89, 92, *cert. denied*, 283 N.C. 394, 196 S.E.2d 277 (1973). Here, the

issue is whether the trial court properly dismissed the complaint as barred by the statute of repose contained in N.C. Gen. Stat. § 1-15(c).

## II.

The plaintiff and defendant disagree in arguments on appeal as to the exact nature of the complaint. Plaintiff contends that this is a wrongful death claim, which is the basis for his argument that the wrongful death statute of limitations should apply. Defendant asserts that this is a medical malpractice claim, and therefore N.C. Gen. Stat. § 1-15(c) applies and bars plaintiff's claim. Both a wrongful death claim and the underlying medical malpractice claim were articulated, even if imperfectly, in the complaint. However, both the wrongful death claim and the medical malpractice claim are barred by the limitations statutes, and therefore the complaint fails to articulate a claim for relief and was properly dismissed by the trial court.

## III.

We must first determine the nature of the complaint. For the life of this case at the trial level, it has been treated as a medical malpractice claim. The order which extended the statute of limitations was entitled "ORDER GRANTING EXTENSION OF THE STATUTE OF LIMITATIONS IN A MEDICAL MALPRACTICE ACTION PURSUANT TO N.C.R. CIV. P. 9(j)." Plaintiff made no objection to the claim being characterized as a medical malpractice claim, and did not correct the court in the complaint. Since both plaintiff and defendant recognize the medical malpractice claim, we are left to determine whether the plaintiff also articulated a wrongful death claim.

The plaintiff has asserted this claim as one which entitled him personally to damages. The complaint, in the section entitled "damages," included a claim for "the reasonable value of services, protection, care and assistance of the decedent [Mrs. Udzinski], the loss of society, companionship, comfort, love, care, affection, guidance, kindly offices, advice of the decedent and lost income." These are damages alleged that "plaintiff is entitled to recover," with the damages of Mr. Udzinski alleged in the subsequent sentence. In a wrongful death action, the personal representative of a decedent, as such, has no beneficial interest in a recovery and is therefore not the real party in interest. *Long v. Coble*, 11 N.C. App. 624, 628, 182 S.E.2d 234, 237, *cert. denied*, 279 N.C. 395, 183 S.E.2d 246 (1971). Therefore, plaintiff cannot personally recover some of the damages which he seeks.

UDZINSKI v. LOVIN

[159 N.C. App. 272 (2003)]

However, in form and in some allegations for damages, the complaint was brought by plaintiff as administrator of the decendents' estates in his official capacity. This is appropriate for a wrongful death claim. *Hall v. R. R.*, 146 N.C. 251, 59 S.E. 879 (1907). The plaintiff alleged negligence and a death as a direct and proximate result. He made a claim for damages pursuant to the wrongful death statute, N.C. Gen. Stat. § 28A-18-2. He also prayed the court for recovery "for personal injuries and wrongful death." Plaintiff thus properly alleged a wrongful death cause of action, of which the medical malpractice claim was the basis.

We note at this point that the complaint, upon the scrutiny which this appeal has demanded, has proven unclear and ambiguous in the nature of the relief requested. In the absence of a clear and unambiguously pleaded complaint, a plaintiff will not be able to assert whatever form would be most beneficial to the argument he chooses to later make upon appeal. However,

> [a] claim for relief should not be dismissed unless it appears beyond doubt that the party is entitled to no relief under any state of facts which could be presented in support of the claim. . . . Therefore, the essential question on a Rule 12(b)(6) motion, is whether the complaint, when liberally construed, states a claim upon which relief can be granted on *any* theory.

*Keys v. Duke University*, 112 N.C. App. 518, 520, 435 S.E.2d 820, 821 (1993).

Even if not perfectly worded and jumbled with other claims, plaintiff has sufficiently alleged a wrongful death claim in addition to and based on his underlying medical malpractice claim.

### III.

We next determine the effect of the limitations statute on the medical malpractice claim. Because this is a medical malpractice claim, it falls within the purview of N.C. Gen. Stat. § 1-15(c), the statute governing professional malpractice claims. The issue raised on appeal pertains to the statute of repose, and thus is distinct from a simple statute of limitations issue because the repose statute vests the defendant with an immunity from suit, and thus negates the claim altogether. When the statue of repose has run, the immunity is absolute.

N.C. Gen. Stat. § 1-15(c), establishes a four-year statute of re-
pose and a three-year statute of limitations. *McGahren v. Saenger*,
118 N.C. App. 649, 652, 456 S.E.2d 852, 853, *disc. review denied*,
340 N.C. 568, 460 S.E.2d 318-19 (1995). Section 1-15(c) provides in
pertinent part:

> Except where otherwise provided by statute, a cause of action
> for malpractice arising out of the performance of or failure to
> perform professional services shall be deemed to accrue at the
> time of the occurrence of the last act of the defendant giving rise
> to the cause of action: Provided that whenever there is bodily
> injury to the person, economic or monetary loss, or . . . defect or
> damage not readily apparent to the claimant at the time of its ori-
> gin, and the injury, loss, defect or damage is discovered or should
> reasonably be discovered by the claimant two or more years after
> the occurrence of the last act of the defendant giving rise to the
> cause of action, suit must be commenced within one year from
> the date discovery is made: Provided nothing herein shall be con-
> strued to reduce the statute of limitation in any such case below
> three years. *Provided further, that in no event shall an action be
> commenced more than four years from the last act of the
> defendant giving rise to the cause of action*[.]

N.C. Gen. Stat. § 1-15(c) (2001) (emphasis added).

This statute creates a statute of limitations and a statute of
repose, both of which are based upon the date of the "last act of the
defendant giving rise to the cause of action." *Id.; Sharp v. Teague*,
113 N.C. App. 589, 593, 439 S.E.2d 792, 795 (1994), *disc. review
improvidently allowed*, 339 N.C. 730, 456 S.E.2d 771 (1995). Our
Supreme Court has stated:

> Statutes of limitation are generally seen as running from the time
> of injury, or discovery of the injury in cases where that is difficult
> to detect. They serve to limit the time within which an action may
> be commenced after the cause of action has accrued. Statutes of
> repose, on the other hand, create time limitations which are not
> measured from the date of injury. These time limitations often
> run from defendant's last act giving rise to the claim or from sub-
> stantial completion of some service rendered by defendant.

*Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 234 n. 3,
328 S.E.2d 274, 276-77 n. 3 (1985). A statute of repose "serves as an
unyielding and absolute barrier that prevents a plaintiff's right of

UDZINSKI v. LOVIN

[159 N.C. App. 272 (2003)]

action even before his cause of action may accrue." *Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985) (citations omitted). Therefore, if the statute of repose has run, plaintiff's action is barred. *Nationsbank of N.C. v. Parker*, 140 N.C. App. 106, 111, 535 S.E.2d 597, 600 (2000). *See also Hargett v. Holland*, 337 N.C. 651, 447 S.E.2d 784, *reh'g denied*, 338 N.C. 672, 453 S.E.2d 177 (1994) (holding that a legal malpractice claim was barred by the statute of repose, although filed within the statute of limitations, under N.C. Gen. Stat. § 1-15(c)).

The last act of Dr. Lovin potentially giving rise to a claim was his diagnosis in February of 1997. The cancer was diagnosed in February of 1998 by Dr. Zlatev. In April of 1999 Mrs. Udzinski passed away. In March of 2001 an order was issued granting an extension of the statute of limitation, and in July of 2001 the complaint was filed, more than four years after the last act giving rise to the complaint.

This Court has determined that section 1-15(c) of the General Statutes was passed by the General Assembly in an attempt to preserve medical treatment and control malpractice insurance costs, both of which were threatened by the increasing number of malpractice claims. *Roberts v. Durham County Hospital Corp.*, 56 N.C. App. 533, 540, 289 S.E.2d 875, 880 (1982), *aff'd per curium*, 307 N.C. 465, 298 S.E.2d 384 (1983). In pursuit of this legislative aim, the repose statute:

> serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue . . . [and has] the effect of granting the defendant an immunity to actions for malpractice after the applicable period of time has elapsed.

*Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985) (citations omitted).

We therefore affirm the trial court's order dismissing the complaint.

IV.

We next consider the effect of the limitations statute on the wrongful death claim. The trial court dismissed the complaint only on the basis of the statute of repose in section 1-15(c), and the dismissal would be in error if that statute did not govern all claims in the complaint. However, the error is harmless if the remaining claim is also

barred, and the judgment that the plaintiff did not state a claim under N.C.R. Civ. P. 12(b)(6) would have been appropriate.

An action for wrongful death is an action created by statute, and distinct from any underlying claims, even the claim upon which the wrongfulness of the death depends. The limitations issue in a wrongful death claim is likewise distinct from that of the underlying claims. *See King v. Cape Fear Mem. Hosp.*, 96 N.C. App. 338, 341, 385 S.E.2d 812, 814 (1989) (analyzing the limitations issue in a wrongful death claim separately from underlying claims of medical malpractice, intentional infliction of mental distress, and loss of consortium), *disc. review denied*, 326 N.C. 265, 389 S.E.2d 114 (1990).

The statute of limitations for a wrongful death claim is found in section 1-53(4) of the General Statutes, and was construed by the Supreme Court in the case of *Dunn v. Pacific Employers Ins. Co.*, 332 N.C. 129, 418 S.E.2d 645 (1992). The *Dunn* case concerned a widow's wrongful death claim against her husband's employer based on an occupational disease contracted by her husband.

Section 1-53 provides a two year general statute of limitations for each of the specified subsections. Subsection (4) states:

> (4) Actions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A-18-2; the cause of action shall not accrue until the date of death. Provided that, whenever the decedent would have been barred, had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) or 1-52(16), no action for his death may be brought.

N.C. Gen. Stat. § 1-53(4) (2001).

The Court in *Dunn* established a two-part test whereby the wrongful death claim was not barred if it was: 1) instituted within two years of decedent's death, and 2) on the date of her death the decedent's claim for injury would not have been time-barred. *Dunn* at 133, 418 S.E.2d at 647. The Court noted that a claim for wrongful death is "distinct and separate" from the underlying claim for injury. The *Dunn* Court also reasoned that it was the intent of the General Assembly not to cut short the time period for filing a wrongful death claim, but only to provide a limitations defense to a wrongful death action when the underlying claim for injury had become time-barred during the decedent's life. *Id.* at 134, 418 S.E.2d at 647-48.

We note that in the *Dunn* case there was no allegation of medical malpractice, and the claim at the time of complaint was not barred by a statute of repose in 1-15(c), but instead fell within the purview of 1-52(16) which deals with personal injury claims. The same analysis, however, applies to a wrongful death claim based on an underlying claim brought under 1-15(c), since 1-15(c) is specifically referred to in 1-53(4) in same way as section 1-52(16).

On the date of Mrs. Udzinski's death, the medical malpractice action was not barred by the medical malpractice limitations statute as it was within three years of the last act giving rise to the claim. So the second part of the *Dunn* test was satisfied.

The complaint, however, was filed more than two years after the date of death, failing the first part of the *Dunn* test. An extension of the statute of limitations as to the medical malpractice claim was sought by the plaintiff, and an order was filed by the trial court on 27 March 2001. The order was captioned "ORDER GRANTING EXTENSION OF THE STATUTE OF LIMITATIONS IN A MEDICAL MALPRACTICE ACTION PURSUANT TO N.C.R. CIV. P. 9(j)," and extended the statute by "no more than 120 days in order to comply with and pursuant to N.C.R. Civ. P. 9(j)." This order clearly pertained only to the medical malpractice claim, and not a wrongful death claim. Because the medical malpractice claim was not time-barred at the time of Mrs. Udzinski's passing, there was no further issue of the viability of that claim for the purpose of supporting a wrongful death action. However, the extension was not directed to, and thus was not effective to extend, the wrongful death time limit.

Mrs. Udzinski passed away on 1 April 1999. The plaintiff filed the complaint on 27 July 2001, more than two years later. The action for wrongful death was thus barred by the statute of limitations.

Both claims being time-barred, the complaint did not state a claim upon which relief could be granted. The order of the trial court dismissing the complaint under Rule 12(b)(6) is therefore

Affirmed.

Judge HUNTER concurs by separate opinion.

Judge BRYANT dissents.

UDZINSKI v. LOVIN

[159 N.C. App. 272 (2003)]

HUNTER, Judge, concurring.

I concur in the result with the majority opinion, but write separately to articulate my reasoning as to why plaintiff's wrongful death claim was properly dismissed by the trial court based on the statute of repose in Section 1-15(c).

Initially, I note that Section 90-21.11 specifically provides, *inter alia*, that "the term 'medical malpractice action' means a civil action for damages for personal injury *or death* arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider." N.C. Gen. Stat. § 90-21.11 (2001) (emphasis added). Since Section 1-15(c) governs the accrual of medical malpractice actions mentioned in Section 90-21.11, as well as other professional malpractice actions not otherwise provided for by statute, I interpret Section 1-15(c) to also govern the accrual of a wrongful death claim if the death arises out of the furnishing or failure to furnish medical services. My interpretation is further supported by the General Assembly's 1979 decision to repeal Section 1-15(b) which expressly provided an exception for the accrual of a wrongful death claim. *Raftery v. Construction Co.*, 291 N.C. 180, 187, 230 S.E.2d 405, 409 (1976); N.C. Gen. Stat. § 1-15(b) (2001). Section 1-15(c) replaced Section 1-15(b) and provides no exception for wrongful death claims, only an exception for medical malpractice claims involving foreign objects. *See* N.C. Gen. Stat. § 1-15(c). The absence of such an exception can be deemed as the General Assembly's intention that a claim for wrongful death now comes under the purview of 1-15(c) when that death arises from professional malpractice.

Here, the trial court dismissed plaintiff's complaint, citing the statute of repose contained in Section 1-15(c). As stated by our Supreme Court in *Hargett v. Holland*, 337 N.C. 651, 447 S.E.2d 784 (1994), Section 1-15(c) establishes a time period in which a claim based on professional malpractice

"must be brought in order for [that] cause of action to be recognized. If the action is not brought within a specified period, the plaintiff 'literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress.' "

*Id.* at 655, 447 S.E.2d at 787 (citations omitted) (emphasis in original). In *Hargett*, the plaintiffs' professional malpractice action against an

attorney that allegedly acted negligently in drafting their father's will was barred by the statute of repose in Section 1-15(c) because the action began to accrue even before the father's death.

Moreover, in *Walker v. Santos*, 70 N.C. App. 623, 320 S.E.2d 407 (1984), this Court essentially established that if a wrongful death claim arises from an underlying medical malpractice action, both claims are governed by the statute of repose in Section 1-15(c). The plaintiff in *Walker* commenced a wrongful death action on 29 April 1983 based on the plaintiff's decedent dying on 10 May 1981[1] " '[a]s a result of the faulty and negligently directed and administered' " radiotherapeutic treatment last received from the defendant-physician on 15 March 1966. *Id.* at 624, 320 S.E.2d at 408. This Court held:

G.S. 1-15(c), with one exception not pertinent here, provides that an action arising out of the performance of or failure to perform professional services shall in no event be commenced more that four years from the last act of the defendant giving rise to the cause of action. G.S. 1-53(4) precludes an action for wrongful death if G.S. 1-15(c) would have barred the decedent, when alive, from bringing an action for bodily harm. These statutes together, by their express terms, preclude[d] the bringing of [the plaintiff's wrongful death] action [arising from the defendant's medical malpractice].

*Id.*

With *Hargett* and *Walker* in mind, the facts in the present case show that the last act giving rise to plaintiff's wrongful death claim occurred on 17 February 1997 when Dr. Lovin allegedly misdiagnosed Mrs. Udzinski. On 27 March 2001, the trial court granted plaintiff an extension on the statute of limitations to file a medical malpractice action pursuant to Rule 9(j). Yet, when the extension was granted, four years had already passed from the date Dr. Lovin gave Mrs. Udzinski the diagnosis. Thus, the trial court could afford plaintiff no redress because the subsequent filing of his complaint on 27 July 2001 was untimely due to the passage of the four-year statute of repose in Section 1-15(c).

---

1. It should be noted that *Walker* actually states that the decedent died on 10 *March* 1981. However, a review of the records filed for that case with this Court clearly provide that the decedent died on 10 *May* 1981. Thus, we are charged with judicial notice of the correct date. *See Bizzell v. Insurance Co.*, 248 N.C. 294, 103 S.E.2d 348 (1958).

Finally, I would like to address the dissenting opinion's conclusion that the order dismissing plaintiff's wrongful death claim be reversed. The dissent asserts that *King v. Cape Fear Mem. Hosp.*, 96 N.C. App. 338, 385 S.E.2d 812 (1989), rejected the argument that actions such as the one in the case *sub judice* are governed by Section 1-15(c). While I agree that *King* clearly establishes that the statute of limitations for wrongful death actions are governed by Section 1-53(4) and not by Section 1-15(c), it does not address the statute of repose issue and is therefore inapplicable in this case. The dissent also asserts, as does the majority, that *Dunn v. Pacific Employers Ins. Co.*, 332 N.C. 129, 418 S.E.2d 645 (1992), is applicable to the facts in this case. However, the Supreme Court specifically stated in *Dunn* that "N.C.G.S. § 1-15(c) deals with professional malpractice claims and has no application to [a case concerning a widow's wrongful death claim against her husband's employer based on his contracting an occupational disease]." *Id.* at 132 n.1, 418 S.E.2d 647 n.1. Therefore, any reliance on *Dunn* is inappropriate in relation to a statute of repose issue in a medical malpractice action.

Accordingly, I would affirm the trial court's dismissal of plaintiff's wrongful death claim.

BRYANT, Judge, dissenting.

I agree that plaintiff has stated a claim for wrongful death based on medical malpractice; however, because I believe North Carolina General Statutes sections 1-53(4), governing wrongful death actions, and 1-15(c), governing professional malpractice claims, must be read in conjunction with one another, I respectfully dissent.

In a wrongful death action based on acts of medical malpractice, this Court has already held that a plaintiff is required to bring her claim within two years of the decedent's death pursuant to section 1-53(4) and explicitly rejected the argument that section 1-15(c), which contains discovery provisions not available under section 1-53(4), controlled the analysis in that case. *King v. Cape Fear Mem. Hosp.*, 96 N.C. App. 338, 341, 385 S.E.2d 812, 814 (1989).[2] Thus, our

2. Judge Elmore's opinion distinguishes *King* based on the contention that the Court separated the limitations issue of the wrongful death claim from those of the underlying claims of medical malpractice, intentional infliction of emotional distress, and loss of consortium. In *King*, however: (1) the plaintiff raised a *personal* cause of action for intentional infliction of mental distress, not one brought pursuant to the wrongful death claim, thus requiring a separate analysis under N.C. Gen. Stat. § 1-52(5); (2) this Court held that the plaintiff's underlying claim for loss of consortium failed because the wrongful death action was barred under section 1-53(4); and (3) this

current analysis begins with section 1-53(4). This section, which provides for a two-year statute of limitations, states:

> Actions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A-18-2; the cause of action shall not accrue until the date of death. Provided that, whenever the decedent would have been barred, had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) or 1-52(16), no action for his death may be brought.[3]

N.C.G.S. § 1-53(4). Section 1-53(4), including its proviso, was interpreted in *Dunn v. Pacific Employers Ins. Co.*, 332 N.C. 129, 418 S.E.2d 645. While the *Dunn* case did not involve a wrongful death action *based on malpractice*, it did include an important, and binding, interpretation of section 1-53(4) that is relevant to a determination of the case *sub judice*.

In interpreting the proviso of section 1-53(4) barring a wrongful death claim when "the decedent would have been barred, had he lived, . . . because of the provisions of G.S. 1-15(c) or 1-52(16)," the *Dunn* Court held that this language "merely provides a limitations defense to a wrongful death action when the claim for injuries caused by the underlying wrong had become time-barred during the decedent's life." *Id.* at 134, 418 S.E.2d at 648. Thus, if "the decedent [was] not time-barred [under section 1-15(c) or 1-52(16)] at [her] death," as opposed to the time the claim was actually filed, a plaintiff will be allowed to bring a wrongful death action, including one based on medical malpractice, within two years from the date of death. *Id.*[4]

---

Court did not analyze the medical malpractice claim separately from the wrongful death statute of limitations. *King*, 96 N.C. App. at 341-42, 385 S.E.2d at 814-15.

3. The concurring opinion contends that the absence of an exception in section 1-15(c) for the accrual of a wrongful death claim supports the legislative intent "that a claim for wrongful death now comes [solely] under the purview of 1-15(c) when that death arises from professional malpractice." I, instead, believe such an exception does exist and was actually added by the legislature the same year section 1-15 was redrafted. This exception is found in the form of the proviso contained in section 1-53(4), added in 1979, *see Dunn v. Pacific Employers Ins. Co.*, 332 N.C. 129, 132, 418 S.E.2d 645, 646 (1992), barring any action for the decedent's death if "the decedent would have been barred, had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) or 1-52(16)," N.C.G.S. § 1-53(4) (2001), and evinces a clear legislative intent to consider both 1-53(4) and 1-15(c) together.

4. The concurring opinion attempts to distinguish *Dunn* due to the fact that the Supreme Court stated section 1-15(c) had no application in that case because the claims were governed by section 1-52(16). The Court's statement, however, pertains to the application of the facts and time lines involved in *Dunn*, not its interpretation of

The Supreme Court's reading of the statutes in *Dunn* is further supported by *Walker v. Santos*, in which this Court looked to the provisions of sections 1-53(4) and 1-15(c) and held that these statutes should be read together. *Walker v. Santos*, 70 N.C. App. 623, 624, 320 S.E.2d 407, 408 (1984).

In this case, the alleged act of malpractice occurred in February 1997. Mrs. Udzinski was diagnosed with lung cancer in February 1998 and died in April 1999. Thus, at the time of her death, neither the three-year statute of limitations nor the four-year statute of repose under section 1-15(c) had expired. *See* N.C.G.S. § 1-15(c) (2001). Had Mrs. Udzinski lived, she would have had until February 2000 under the three-year statute of limitations and until February 2001 under the statute of repose of section 1-15(c) to file her claim. Accordingly, Mrs. Udzinski would not have been time-barred under section 1-15(c) at the time of her death from filing a claim for the bodily harm caused by the alleged mis-diagnosis, and her estate therefore had two years under section 1-53(4) from the time of death, until April 2001, to bring this action. Since this time period had not yet elapsed when the trial court granted plaintiff an extension of the statute of limitations in March 2001, the trial court's order dismissing plaintiff's claim should be reversed.

how section 1-53(4) and the sections mentioned in the proviso, sections 1-15(c) and 1-52(16), are to function in relation to one another. The concurring opinion also points out that *King* only dealt with the statute of limitations and not the statute of repose. Because the analysis in this dissent is based on a joint reading of *King* and *Dunn*, such a distinction is of no avail. Furthermore, the proviso in section 1-53(4) provides a blanket bar on wrongful death actions if "the decedent would have been barred," by either the statute of limitations *or repose*, "had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) or 1-52(16)." N.C.G.S. § 1-53(4).