CHERA B. NORTON, Plaintiff,
v.
HENRY CLIFTON GOODS, Defendant.
No. COA08-963
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
R. Lee Farmer, for plaintiff-appellant.
Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for defendant-appellee.
MARTIN, Chief Judge.
Plaintiff appeals from orders dismissing her complaint on the grounds that it was filed after the expiration of the statute of limitations. We affirm.
The factual and procedural history of this case is undisputed and may be summarized as follows: On 18 September 2003, Chera Norton ("plaintiff") and Henry Goods ("defendant") were involved in an automobile accident. On 18 September 2006, plaintiff filed a North Carolina AOC Form CV-101, "Application and Order Extending Time to File Complaint," with the Caswell County Clerk of Court. Form CV-101 states in pertinent part that "[t]he undersigned requests permission to file a complaint in this action withintwenty (20) days of any order granting this Application, as provided in Rule 3 of the Rules of Civil Procedure." The form has an area for the plaintiff to describe the nature and purpose of the action, and a space for the clerk to indicate the date by which the plaintiff must file a complaint. Below this space printed in italics is the following: "(Date must be within 20 days of date of Order.)" Plaintiff's attorney signed this form and marked the box labeled "Attorney For Applicant." Contrary to the directives on the form, however, the clerk entered 19 October 2006 as the extended date for the filing of plaintiff's complaint.
Plaintiff filed a complaint on 18 October 2006 in Caswell County, Case File No. 06 CVD 51, seeking to recover damages for injuries allegedly sustained in the collision. Defendant filed an answer on 5 January 2007, and moved to dismiss the complaint on the grounds that the statute of limitations had expired before the complaint was filed. On 25 April 2007, plaintiff voluntarily dismissed her complaint. She refiled the claim about four months later on 31 August 2007 in Caswell County, File No. 07 CVD 405. Defendant answered on 19 October 2007, and again moved to dismiss on the grounds the statute of limitations had expired. The trial court granted defendant's motion, dismissing plaintiff's claim in an order filed 15 May 2008 and in a "Supplemental Order" filed 6 June 2008. Plaintiff appeals from these orders.

Standard of Review
"Ordinarily, a dismissal predicated upon the statute of limitations is a mixed question of law and fact. But where the relevant facts are not in dispute, all that remains is the question of [the statute of] limitations which is a matter of law." Udzinski v. Lovin, 159 N.C. App. 272, 273, 583 S.E.2d 648, 649 (2003) (citing Poultry Co. v. Oil Co., 272 N.C. 16, 21, 157 S.E.2d 693, 697 (1967); Yancey v. Watkins, 17 N.C. App. 515, 519, 195 S.E.2d 89, 92, cert. denied, 283 N.C. 394, 196 S.E.2d 277 (1973)), aff'd, 358 N.C. 534, 597 S.E.2d 703 (2004). Once the statue of limitations has been pled, the burden is on the plaintiff to show that his cause of action accrued within the limitations period. See Crawford v. Boyette, 121 N.C. App. 67, 70, 464 S.E.2d 301, 303 (1995) (citing Hooper v. Lumber Co., 215 N.C. 308, 311, 1 S.E.2d 818, 820 (1939)). Where the relevant facts are undisputed, we review a trial court's decision to dismiss an action based on the statute of limitations de novo. See Udzinski, 159 N.C. App. at 273, 583 S.E.2d at 649. In this case, the parties agree on the pertinent facts, leaving only a question of law for our determination.
The issue before this Court is whether the statute of limitations expired before plaintiff commenced her action. For the reasons stated below, we conclude that plaintiff's action is barred by the statute of limitations and we affirm the trial court's dismissal.
Plaintiff's claim was for damages for personal injuries arising from an automobile accident. The statute of limitations for an action for recovery for personal injuries suffered in a motor vehicle accident is three years. N.C. Gen. Stat. § 1-52(16) (2007). The date of the automobile accident giving rise to plaintiff's claim was alleged to have been 18 September 2003. The parties agree that on 18 September 2006, the day that the statute of limitations would otherwise have expired, plaintiff sought an extension of time to file her complaint pursuant to N.C.G.S. § 1A-1, Rule 3.
Under the Rules of Civil Procedure, an action may be commenced by the filing of a complaint or, under certain circumstances, by the issuance of a summons. N.C. Gen. Stat. § 1A-1, Rule 3 (2005). Rule 3 allows a plaintiff to request that the clerk commence the action by issuance of a summons and provides in relevant part:
(a) A civil action is commenced by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be prima facie evidence of the date of filing.
A civil action may also be commenced by the issuance of a summons when
(1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and
(2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

The summons and the court's order shall be served in accordance with the provisions of Rule 4. When the complaint is filed it shall be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If the complaint is not filed within the period specified in the clerk's order, the action shall abate.
Id. § 1A-1, Rule 3(a) (emphasis added). Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning. See Burgess v. Your House of Raleigh, Inc., 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (citing Utils. Comm. v. Edmisten, 291 N.C. 451, 232 S.E.2d 184 (1977)). Here, the statutory language of Rule 3(a) is clear and provides that a civil action may be commenced by the issuance of a summons only when the "court makes an order stating the nature and purpose of the action and granting the requested permission," referring to plaintiff's request for "permission to file his complaint within 20 days." See N.C. Gen. Stat. § 1A-1, Rule 3(a). In North Carolina, the clerk of Superior Court has "very limited jurisdiction, having only such jurisdiction as is given by statute." Beaufort Co. v. Bishop, 216 N.C. 211, 214, 4 S.E.2d 525, 526 (1939). Clearly, Rule 3 only gives the clerk jurisdiction to grant a party's request for permission to file his complaint within twenty days.
Here, the trial court found plaintiff had complied with the provisions of Rule 3(a) by applying for permission to file her complaint within twenty days, and that the clerk had entered an order granting her until 19 October 2006 to file her complaint, thus extending the period beyond that authorized by the statute. The complaint was filed on 18 October 2006, more than twenty days after the entry of the clerk's order, and more than three years after the accident occurred. Based upon these findings, the trial court correctly concluded, inter alia: 2. The Caswell County Clerk of Superior Court either through mistake or inadvertence extending [sic] the time for filing the Complaint for 30 days.
3. The Clerk was without authority to extend the time for filing the Complaint beyond the 20 days provided for in Rule 3.
4. That statute of limitations in this case therefore expired on October 8, 2006.
. . . .
8. Neither the Court nor the Clerk has the authority or discretion to extend the time for filing of a Complaint beyond the three year statute of limitations and the twenty day extension authorized by Rule 3.
These conclusions of law comport with our holding in Congleton v. City of Asheboro, 8 N.C. App. 571, 174 S.E.2d 870 (1970). In that case, the clerk erroneously granted the appellant an extension of twenty-one days in violation of N.C.G.S. § 1-121, which provided for a maximum extension of twenty days and was in effect until superceded by Rule 3. We affirmed the trial court's ruling that "the clerk was without authority to grant an extension for more than [twenty] days and his order for an extension of [twenty-one] days was of no effect." Id. (citing Deanes v. Clark, 261 N.C. 467, 135 S.E.2d 6 (1964)). Furthermore, we noted that "the statute of limitations operates to vest a defendant with the right to rely on the statute of limitations as a defense." Id. (citing Wilkes Cty. v. Forester, 204 N.C. 163, 167 S.E. 691 (1933)). "It is clear that a judge may not, in his discretion, interfere with the vested rights of a party where pleadings are concerned." Id. (citingState Highway Comm'n v. Hemphill, 269 N.C. 535, 153 S.E.2d 22 (1967)).
We conclude that the trial court correctly granted defendant's motion to dismiss.
Affirmed.
Judges BRYANT and BEASLEY concur.
Report per Rule 30(e).